Chander P. NANGIA, Appellant,

v.

Steve TAYLOR, Appellee.

No. 09–10–00416–CV.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 3, 2011.

Decided May 5, 2011.

---

William K. Luyties, Paul J. Goldenberg, Katherine Sunstrom, Lorance & Thompson, PC, Houston, for appellant.

Kenneth W. Lewis, Bush Lewis, PLLC, Thomas A. Peterson, Peterson, Petit & Peterson, LLP, Beaumont, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Chander P. Nangia appeals from the trial court's order denying a motion to dismiss a lawsuit filed by Steve Taylor. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(f) (West 2011). He argues that section 150.002(a) required Taylor to file with the complaint a certificate of merit by a licensed professional engineer. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(a) (West 2011).

The trial judge did not abuse his discretion in concluding that Taylor timely filed

a certificate of merit that complied with statutory requirements. We therefore affirm the trial court's order.

### THE PROCEEDINGS IN THE TRIAL COURT

ICON Building Systems, L.L.C. erected a pre-fabricated steel building for Taylor. Claiming the building was defectively designed, engineered, and manufactured, Taylor sued ICON. He filed amended petitions adding other defendants, including appellant Chander P. Nangia, a licensed professional engineer.[1] Nangia filed a motion to dismiss the claim. The ground for the dismissal motion was Taylor's failure to file a certificate of merit contemporaneously with Taylor's second amended petition. Taylor filed a third amended petition within thirty days explaining that the failure to contemporaneously file the certificate-of-merit affidavit with the second amended petition was due to a pending limitations deadline. He attached the affidavit. The trial court denied the motion to dismiss.

### THE APPLICABLE STATUTE

■ The governing statute was amended in 2009. The parties disagree on which version of section 150.002 applies in this case. Taylor argues the 2005 version applies, because he filed the original petition against ICON in 2008. Nangia argues the 2009 statute applies, because Taylor amended his petition in 2010 and asserted causes of action against Nangia for the first time.

The Legislature's enabling language for the 2009 statute is as follows:

The change in law made by this Act applies only to an action ... filed or commenced on or after the effective date [September 1, 2009] of this Act. An ac-

tion ... filed or commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.

Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 Tex. Gen. Laws 1991, 1992. "In construing statutes, our primary objective is to give effect to the Legislature's intent as expressed in the statute's language." *Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 867 (Tex.2009). We look to the enabling language, as well as the content of the statute itself. If the plain language does not convey the Legislature's intent, we may look to additional construction aids, including the statute's objective, the legislative history, the common law, or former statutory provisions, laws on the same or similar subject, and the consequences of a particular construction. *Id.* at 867–68 (citing *City of Rockwall v. Hughes,* 246 S.W.3d 621, 626 (Tex.2008) and Tex. Gov't Code Ann. § 311.023 (West 2005)).

In a case involving the addition of a party to a suit after the effective date of the 2009 amendment, the Third Court of Appeals held that the 2005 version of the statute applied, because the original petition was filed prior to 2009. *See S & P Consulting Eng'rs, PLLC v. Baker,* 334 S.W.3d 390, 397–99 (Tex.App.-Austin 2011, no pet. h.) (not yet released for publication). Relying on Rules 22 and 37 of the Texas Rules of Civil Procedure, the court construed the terms "commence" and "action" in the statute's enabling language, and concluded that the applicable statute was the 2005 version. *Id.*

Nevertheless, we believe the 2009 statute applies to the claim against Nangia.

---

1. Both Taylor and Nangia state that Nangia was added as a defendant in Taylor's June 16,

2010 second amended petition.

In enacting the 2009 amendment to section 150.002, the Texas Legislature addressed an issue that had arisen with the courts' construction of the 2005 statute. As explained in the 2009 legislative history, some courts had interpreted the 2005 statute in a restrictive manner that the Legislature found necessary to correct.[2] We believe the Legislature intended the new statute, not the old statute as construed by the courts, to apply to a claim asserted for the first time against a licensed professional engineer after the effective date of the amendment. Therefore, we conclude that the 2009 statute applies to the action filed against Nangia.

REQUIREMENTS OF SECTION 150.002

■■■ Requirements of Section 150.002 Nangia argues the trial court erroneously denied his motion to dismiss under section 150.002, which provides in part as follows:

(a) In any action ... for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party ... licensed professional engineer....

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim....

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party ... licensed professional engineer ... could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

. . . .

(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

Tex. Civ. Prac. & Rem.Code Ann. § 150.002(a), (b), (c), (e) (West 2011). An appellate court reviews an order denying a defendant's section 150.002 motion to dismiss under an abuse of discretion standard. *WCM Group, Inc. v. Brown,* 305 S.W.3d 222, 229 (Tex.App.-Corpus Christi 2009, pet. dism'd).

Nangia contends that, under section 150.002(c), "two requirements must be met to invoke the 30 day grace period for late filing of the certificate of merit: (1) the period of limitation 'will expire' within 10 days *after* the filing of the initial petition; and (2) the plaintiff 'has alleged' that a

---

**2.** The 2009 legislative history states in part as follows:

This issue arose out of a couple of 2007 court cases from the San Antonio 4th Court of Appeals, which said that although the statute was broadened in 2005 from 'negligence' actions to 'any action arising out of the provision of professional services,' the affidavit requirement still spoke only to negligence. Therefore, the court did not agree that it applied to actions other than negligence, despite clear language in the statute and the fact that it was specifically amended to broaden it in 2005. (HB 1573).

Senate Comm. on Judiciary and Civil Jurisprudence, Bill Analysis, C.S.S.B., Tex. S.B. 1201, 81st Leg., R.S. (2009).

certificate of merit could not be prepared prior to filing the initial pleading." Nangia asserts Taylor failed to allege in his second amended petition that Taylor could not provide a certificate of merit because of a looming statute of limitations problem. Essentially, Nangia contends that the allegation of the plaintiff's inability to obtain the certificate of merit must be made contemporaneously with the filing of the initial petition against a party, and not afterward.

The issue is one of statutory construction. Our primary objective is to give effect to the Legislature's intent as expressed in the statute's language. *See Galbraith Eng'g Consultants, Inc.*, 290 S.W.3d at 867; *see also* Tex. Gov't Code Ann. § 312.005 (West 2005). The statute provides that, subject to the impending-limitations-bar exception, the certificate of merit must be filed contemporaneously with the first-filed petition against the licensed or registered professional. As we understand the statute, if the plaintiff does not contemporaneously file the certificate of merit with its initial petition against the professional, the affidavit is timely only if, within thirty days of that initial filing, the plaintiff satisfies the statutory exception. The pleadings must set out the two explanatory matters: (1) limitations would have barred the claim within ten days of the filing of the initial pleading against the professional, and (2) time constraints therefore precluded the presentment of the affidavit with the initial filing. Tex. Civ. Prac. & Rem.Code Ann. § 150.002(c).

Taylor filed his petition against Nangia on June 16, 2010. Nangia filed a motion to dismiss on July 9, 2010. On July 14, 2010, Taylor filed his third amended petition. That pleading contained the explanation required by section 150.002(c), and provided a certificate of merit. The statutorily required explanation and the certificate of merit were filed within thirty days of Tay-

lor's initial filing of his claim against Nangia. The trial court did not abuse its discretion in concluding Taylor met the filing requirements of section 150.002.

## THE CERTIFICATE OF MERIT

The 2009 version of the statute requires that the certificate of merit set out "specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed ... [engineer] in providing the professional service[.]" Tex. Civ. Prac. & Rem.Code Ann. § 150.002(b). Nangia argues the affidavit does not address each of Taylor's causes of action. Nangia primarily challenges the support for the DTPA cause of action.

In his negligence cause of action, Taylor pled that ICON and others failed to exercise ordinary care in the design, manufacture, selling, and supplying of the product, and failed to warn of defects in the product. In his DTPA cause of action, Taylor pled that Nangia violated the DTPA when he "engaged in false, misleading, or deceptive acts or practices upon which plaintiff relied to plaintiff's detriment[.]" Taylor alleged that Nangia affixed his professional engineer's stamp to the pre-engineered drawing package on the building and that he "falsely certified the design met appropriate engineering standards."

Section 150.002(b) does not require that the "third-party" "licensed professional engineer" explain the law to the trial court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 150.002(b). For each theory of recovery asserted in the pleadings, the statute requires that the third-party licensed professional engineer explain the factual basis for the claim. *See id.* As the legislative history states, the affidavit is to set forth an explanation of "any error or omission in providing advice, judgment, opinion, or a similar professional skill, rather than at

least one negligent act, error, or omission, claimed to exist and the factual basis for each such claim." Senate Comm. on State Affairs, Bill Analysis, Tex. S.B. 1201, 81st Leg., R.S. (2009) (Aug. 4, 2009). The focus of the certificate of merit is on the alleged error or omission and the facts that support the claim.

Taylor submitted the affidavit of Sina K. Nejad, a licensed professional engineer. Nejad stated he reviewed both the design drawings and the conditions of the partially erected, pre-engineered metal building. Using the prescribed loads stated on the original design drawings, Nejad explained that he modeled the structure for analysis and conducted the analysis according to the Load and Resistance Factor Design (LRFD) methodology. Providing supporting data for his conclusions, Nejad stated that the analysis demonstrated that the "main frame columns and beams [of the structure] both failed in the dead and live load analysis." "The wind load analysis resulted in failures of the main frame columns and beams, the wall girts, the roof purlins, and the eave struts." "These members failed in both flexure and shear." Nejad explained that the original design should have included an analysis similar to the one he performed. Had one been done, "it would have revealed that the engineered design d[id] not comply with the prescribed design loads and International Building Codes." According to Nejad, "[f]ailing to analyze the drawings resulted in these deficiencies[,]" and "[s]igning these drawings as a professional engineer signifie[d] that the engineer ha[d] re[vie]wed and approved the design." Nejad also stated that Nangia's failure to verify the actual structural engineering and design was "below the appropriate standard of care for a professional engineer[,]" and it was Nejad's opinion "that, in this case, the design drawings were not verified." The third-party licensed engineer set forth in his affidavit a factual basis for the alleged negligence claim and for the alleged DTPA claim asserting a false certification. The trial judge did not abuse his discretion in concluding that the certificate of merit satisfied the requirements of section 150.002(b). Appellant's issues are overruled. The trial court's order is affirmed.

AFFIRMED.