**Affirmed, in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed October 18, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-01226-CV

**EPCO HOLDINGS, INC. AND ENTERPRISE PRODUCTS OPERATING, LLC, Appellants**

**V.**

**CHICAGO BRIDGE AND IRON COMPANY AND HOWE-BAKER ENGINEERS, LTD, Appellees**

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-18848**

## MAJORITY OPINION

Appellants Epco Holdings, Inc. and Enterprise Products Operating, LLC appeal from the trial court's order dismissing their claims against appellees Chicago Bridge and Iron Company and Howe-Baker Engineers, LTD. In two issues, appellants argue that the trial court abused its discretion when it dismissed some of the claims because appellants complied with the certificate-of-merit filing requirements of section 150.002 of the Texas Civil Practice and Remedies Code. We agree, and we reverse the trial court's order

dismissing appellants' claims related to the design of catwalks. We affirm the remainder of the trial court's order[1] and remand for further proceedings.

## THE STATUTE

Resolution of this appeal depends on the interpretation and application of section 150.002 of the Texas Civil Practice and Remedies Code, titled "Certificate of Merit." In particular, we must determine whether appellants satisfied the requirements of subsection (c), which would allow for a thirty-day extension of time to file their certificate of merit. The statute appears as follows:

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;

(2) holds the same professional license or registration as the defendant; and

(3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or

---

[1] Appellants note they "are not appealing the dismissal of [other] claims" related to the design of an emergency shutdown system.

2

omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

(f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

(g) This statute shall not be construed to extend any applicable period of limitation or repose.

(h) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011).

## BACKGROUND

On March 27, 2008, a fire broke out at appellants' cryogenic processing plant because natural gas escaped from loose bolts on a check valve. Appellants sued appellees, among other defendants, due to appellees' alleged failure to design the plant

3

with sufficient catwalks so the check valve could be properly accessed and maintained. Appellants filed their original petition on March 24, 2010, three days prior to the expiration of the period of limitations on appellants' negligence claims. Appellees answered with a general denial on April 1, 2010

Appellants did not file a certificate of merit contemporaneously with their original petition, *see id.* § 150.002(a), nor did appellants allege in the petition that a certificate of merit could not be prepared due to time constraints, *see id.* § 150.002(c). Thirty days later, appellants filed a certificate of merit related to the alleged negligence of appellees' failure to design the plant with sufficient catwalks. On the same day, appellants filed an amended petition, in which they alleged that they were forced to file the original petition without a certificate of merit because of the impending expiration of the limitations period.

About six months later, appellees filed a motion to dismiss based on section 150.002. In the motion, they argued that dismissal was required because appellants failed to meet "pleading requirements" imposed by section 150.002(c) to trigger the thirty-day extension of time to file a certificate of merit—that is, appellants failed to allege in their original petition that a certificate of merit could not be prepared because of time constraints. After a hearing, the trial court entered a written order dismissing all of appellants' claims against appellees. This appeal followed. *See id.* § 150.002(f).

## ANALYSIS

Appellants argue that the trial court abused its discretion when it dismissed their claims under section 150.002 because the plain language, legislative history, and objective of the statute do not suggest that a plaintiff's allegation under subsection (c) must be made in an original petition. Appellees respond that the plain language of the

4

statute requires the allegation to be made in an original petition, and a contrary interpretation of the statute would render subsection (d) meaningless.[2]

We hold that the statute does not require a plaintiff's allegation under subsection (c) to be made in the first-filed petition. Appellants complied with the plain language and intent of the statute by filing a certificate of merit and making the subsection (c) allegation in an amended petition within thirty days of filing their original petition. We neither imply nor hold that under the statute a plaintiff may invoke subsection (c) through any amended pleading filed at any time to extend the filing deadline beyond thirty days of filing their original petition.

## A. Standard of Review

We review a trial court's order granting a motion to dismiss under section 150.002 for an abuse of discretion. *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Id.* Matters of statutory construction are reviewed de novo. *Id.* at 750. None of the relevant facts in this case are disputed, and our holding rests entirely upon the proper construction of the statute.

## B. *Nangia v. Taylor*

As an initial matter, however, we note that the Beaumont Court of Appeals recently decided the same issue presented here in favor of appellants. *See Nangia v. Taylor*, 338 S.W.3d 768, 772 (Tex. App.—Beaumont 2011, no pet.). The plaintiff in *Nangia* filed an amended petition within ten days of the expiration of the limitations period and added the defendant, a licensed engineer. *See id.* at 770. The plaintiff did not attach a certificate of merit with the petition, nor did he allege that a certificate of merit

---

[2] Citing section 16.068 of the Civil Practice and Remedies Code, appellants further argue that if the allegation must be made in the original petition, then appellants' first amended petition cured any defect in the pleadings. Appellees respond that appellants waived this argument by failing to make it in the trial court. Because we hold that the subsection (c) allegation does not need to be made in the original petition, we do not address these arguments. *See* TEX. R. APP. P. 47.1.

could not be prepared due to time constraints. *See id.* at 770, 772. Within thirty days, the plaintiff filed a certificate of merit and another amended petition, in which he explained that the failure to contemporaneously file the certificate of merit with the prior petition was due to a limitations deadline. *Id.* at 770.

The trial court denied the defendant's motion to dismiss, and the court of appeals affirmed, holding that a plaintiff's allegation under subsection (c) may be made for the first time in an amended pleading filed within thirty days of the first petition adding the defendant as a party. *Id.* at 772. We agree with the result reached by the court of appeals in *Nangia*. Moreover, that the *Nangia* plaintiff both amended and supplied a certificate of merit within thirty days aligns *Nangia* factually with the instant case and distinguishes it from all others.[3] But because we are not bound by that court's decision,[4] we nonetheless conduct an independent review of the statute.

## C. Rules of Statutory Construction

When interpreting a statute, our primary objective is to give effect to the Legislature's intent. *Sharp Eng'g*, 321 S.W.3d at 750; *see* TEX. GOV'T CODE ANN. § 312.005 (West 2005). We look to the statute's plain meaning because we presume the Legislature intends the plain meaning of its words. *Sharp Eng'g*, 321 S.W.3d at 750. "We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). "'[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if

---

[3] Though *Sharp Engineering v. Luis*, 321 S.W.3d 748 (Tex. App.—Houston [14th Dist.] 2010, no pet.), analyzed the certificate of merit statute, the plaintiffs in that cause did not invoke the extension provisions of the statute as their filings were well beyond the deadline; thus, our court did not address the timing of the requisites for an extenstion.

[4] *See Jankowiak v. Allstate Prop. & Cas. Ins. Co.*, 201 S.W.3d 200, 208 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Eubanks v. Mullin*, 909 S.W.2d 574, 576 n.1 (Tex. App.—Fort Worth 1995, no writ)).

6

reasonable and possible.'" *Sharp Eng'g*, 321 S.W.3d at 750 (quoting *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000)). Thus, we should not adopt a construction that renders a statutory provision meaningless. *Id.*

When construing this statute, we are also bound by rules of construction found in Chapters 311 and 312 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 311.002, 312.001 (West 2005); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 1.002 (West 2002) (stating that Chapter 311 of the Government Code applies to the construction of this code). We must presume that the Legislature intends the entirety of a statute to be given effect and that the Legislature intends a just and reasonable result. TEX. GOV'T CODE ANN. § 311.021 (West 2005). To determine legislative intent, we must "consider at all times the old law, the evil, and the remedy." *Id.* § 312.005. We must also give individual words their ordinary meaning or common usage unless (1) the words have acquired a technical or particular meaning through legislative definition or otherwise or (2) the words are connected with a particular trade or subject matter or are terms of art with a particular meaning. *See* TEX. GOV'T CODE ANN. §§ 311.011, 312.002 (West 2005). Further, "[w]ords in the present or past tense include the future tense." TEX. GOV'T CODE ANN. § 312.003(a) (West 2005). And finally, we may consider among other matters the object sought to be obtained by a statute, legislative history, consequences of a particular construction, and the common law or former statutory provisions, including laws on similar subjects. TEX. GOV'T CODE ANN. § 311.023 (West 2005).

## D. Construction of Section 150.002

Section 150.002 generally requires a plaintiff to file a certificate of merit contemporaneously with the plaintiff's first-filed petition against a licensed design professional. *Sharp Eng'g*, 321 S.W.3d at 752. Subsection (c), however, provides a plaintiff with a thirty-day extension of time to file a certificate of merit if (1) the limitations period will expire within ten days of the filing of the suit, and (2) the plaintiff

"has alleged" that a certificate of merit could not be prepared because of this time constraint. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c); *see Nangia*, 338 S.W.3d at 772; *Sharp Eng'g*, 321 S.W.3d at 751. This statutory extension does not explicitly provide a deadline for plaintiff's "allegation." We conclude that neither the plain language of the statute as a whole nor the overall purpose of the statute suggests that this allegation must be made in the first-filed petition.

As mentioned, the statute does not expressly state when, how, or in what form a plaintiff must make the allegation required by subsection (c). The Legislature repeatedly used the word "complaint" in this statute, which we previously interpreted to mean the first-filed petition for purposes of subsection (a). *See Sharp Eng'g*, 321 S.W.3d at 751–52. If the Legislature intended that the subsection (c) allegation was effective only if made in the first-filed petition or complaint, the Legislature could have used the phrase "has alleged *in the complaint*" to signify that the allegation must be made in a particular pleading at a particular time. The Legislature did not do so, and we presume that the Legislature purposefully omitted such language.[5] To imply this language where it does not exist would be contrary to our precedent in *Sharp Engineering v. Luis*, 321 S.W.3d at 751−52 (concluding that the absence of the words "first-filed" before the word

---

[5] Contrary to the Texas statute, other states have enacted certificate-of-merit statutes that expressly require plaintiffs to make similar allegations at a particular time and in a particular form. *See* CAL. CIV. PROC. CODE § 411.35(a)-(b) (West 2004) (requiring the plaintiff's attorney to file and serve, on or before the date of service of the complaint, either the certificate of merit or a certificate stating that the attorney was unable to obtain consultation of a licensed professional because of the statute of limitations); NEV. REV. STAT. ANN. § 40.6884(2) (West 2010) (requiring the attorney for the plaintiff to "file an affidavit concurrently with the service of the first pleading" to explain why the certificate of merit could not be filed concurrently with the complaint due to a limitations issue); OR. REV. STAT. ANN. § 31.300(3) (West 2011) (providing that the claimant's attorney, in lieu of filing the certificate of merit with or within the "original complaint," may file with the complaint an affidavit that alleges, among other things, the statute of limitations is about to expire and the attorney will file the certificate of merit within thirty days); *see also* N.Y. C.P.L.R. § 3012-a (McKinney 2010) (requiring a complaint in a medical malpractice action to be accompanied by a certificate executed by the attorney, stating either that the attorney has consulted with a medical professional and concluded there is a reasonable basis for commencement of the action, or that the attorney was unable to obtain the consultation due to the limitations period); OHIO R. CIV. P. 10(D)(2)(b) ("The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint.").

"complaint" in section 150.002(a) does not mean the word "complaint" could include the original and all amended "complaints").

Additionally, the Legislature's use of the present perfect form of "allege" does not signify that the allegation must be made in the first-filed petition.[6]  Indeed, "has alleged" includes the future form of "allege."  *See* TEX. GOV'T CODE ANN. § 312.003(a) ("Words in the present or past tense include the future tense.").  Thus, the contemporaneous filing requirement of subsection (a) does not apply when, "because of such time constraints, the plaintiff has alleged or alleges that an affidavit . . . could not or cannot be prepared."[7]  The word "alleged," even when used in the particular context of the legal profession, merely describes the act of making an assertion—not necessarily in a first-filed petition or even a complaint.  *See* BLACK'S LAW DICTIONARY 74 (6th ed. 1990) (defining "alleged" as "Stated; recited; claimed; asserted; charged").  The statute is, therefore, not instructive on the timing of the pleading requirement and is, at most, ambiguous on the timing.

However, there is no indication from the words of the statute or any legislative history that the purpose or intent of the Legislature was to create a strict "pleading requirement," as appellees stated in their motion to dismiss.  The "apparent purpose" of the statute is to allow a court to determine whether certain claims have merit and to provide a vehicle for dismissal when claims lack merit.  *See Hardy v. Matter*, No. 04-10-00785-CV, — S.W.3d —, 2011 WL 2889355, at *5 (Tex. App.—San Antonio July 20,

---

[6] The present perfect tense is "distinguished from the past tense because it refers to (1) a time in the indefinite past, or (2) a past action that comes up to and touches the present.  The past tense, by contrast, indicates a more specific or more remote time in the past."  THE CHICAGO MANUAL OF STYLE § 5.119 (15th ed. 2003).

[7] The dissenting opinion suggests that the statute requires a plaintiff "to allege that the limitations perion 'will expire within 10 days of the date of filing.'"  However, this interpretation is a conflation of the precise language.  The extension applies if (a) limitations "will expire"; and (b) because of the time constraints, "plaintiff has alleged that an affidavit . . . could not be prepared."

2011, pet. filed).[8] There is a dearth of legislative history. *See id.* at \*6 n.2 (Hilbig, J., concurring) (noting that the author was unable to find any legislative history for the original certificate-of-merit statute). But a Senate bill analysis of an amendment to the statute confirms the purpose of "protecting engineers and architects from frivolous lawsuits." Senate Comm. on State Affairs 1, Bill Analysis, Tex. H.B. 854, 79th Leg., R.S. (2005).

The statute was enacted in 2003 as part of a comprehensive tort reform bill—House Bill 4. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 205, § 20.01, 2003 Tex. Gen. Laws 847, 896–97. House Bill 4 initially passed the House without the certificate-of-merit statute. *See* Conference Comm. Report 278, Tex. H.B. 4, 78th Leg., R.S. (May 31, 2003). No statements regarding this statute were recorded in the relevant Senate journals, but the "digest and purpose" section of the Senate enrolled statute bill analysis summarized the certificate-of-merit statute as follows:

> Requires a plaintiff in any action for damages alleging the professional negligence by a registered architect or licensed professional engineer to file an affidavit by a registered architect or licensed professional engineer setting forth the negligent act, error, or omission.

Senate Comm. on State Affairs, Bill Analysis 5, Tex. H.B. 4, 78th Leg., R.S. (2003). Thus, the crux of the statute appears to be the affidavit requirement, rather than a pleading or allegation requirement. Further, a House bill analysis for a 2005 amendment confirms this understanding of the Legislature's intent. While discussing the period-of-limitations exception to contemporaneous filing, the House bill analysis makes no mention of the allegation requirement. *See* House Comm. on Civil Practices 1, Bill

---

[8] *See also Sharp Eng'g*, 321 S.W.3d at 753 (Sullivan, J., concurring) ("Its ostensible purpose is to provide a mechanism for the threshold elimination of meritless claims against certain professional service providers."); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.) ("Chapter 150 may have been enacted to limit actions against architects and engineers by ensuring that there is some basis for the lawsuit."); *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit.").

Analysis, Tex. H.B. 854, 79th Leg., R.S. (2005) ("The plaintiff is not required to file the third-party affidavit if the statute of limitations on the plaintiff's claim will expire within 10 days of the date of filing. In that case, the plaintiff has 30 days after filing the initial complaint to file the third-party affidavit.").

Dismissal of the appellants' lawsuit under the present circumstances—when the appellants made the allegation and filed the certificate of merit within thirty days—would not be a just and reasonable result under the express terms or purpose of the statute. The parties have not discussed, nor are we aware of, any similar allegation requirement in Texas for which the failure to comply is mandatory dismissal. Rather, Texas favors the liberal amendment of pleadings to allow parties to "add something to . . . that which has been previously pleaded so as to perfect that which is or may be deficient." TEX. R. CIV. P. 62; *see also, e.g.*, TEX. R. CIV. P. 63 cmt. (noting the liberality of the pleading-amendment rule); *Harold v. Houston Yacht Club*, 380 S.W.2d 184, 186 (Tex. Civ. App.—Houston 1964, no writ) ("The law is well established in Texas that the right to amend is mandatory and that before a pleading can be dismissed for a want of form or other defectiveness, the party affected must have an opportunity to amend."). Courts in Georgia, while interpreting a certificate-of-merit statute similar to our own,[9] have concluded that a plaintiff may satisfy the allegation requirement by filing an amended pleading within the time period for filing the certificate of merit. *See, e.g.*, *Thompson v. Long*, 411 S.E.2d 322, 323–24 (Ga. App. 1991) (reversing the trial court's order granting the motion to dismiss when the plaintiff made the required allegation in an amended complaint filed within the extended time period for filing the certificate of merit).

Finally, our construction of the statute does not render subsection (d) meaningless. Subsection (d) provides that a defendant "shall not be required to" file an answer until

---

[9] *See Sharp Eng'g*, 321 S.W.3d 748, 754 n.12 (Sullivan, J., concurring) ("In some ways, chapter 150 resembles a pared-down version of the Georgia statute, employing similar language and procedural requirements."); *see also Estate of C.A. v. Grier*, 752 F. Supp. 2d 763, 771 (S.D. Tex. 2010) (noting similarity between the Texas and Georgia statutes). *Compare* O.C.G.A. § 9-11-9.1(b) (2006 & Supp. 2009), *with* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(c).

11

thirty days after the plaintiff files a certificate of merit. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(d). Appellees argue that defendants would be denied the benefit of this statute if a plaintiff's original petition includes no subsection (c) allegation or certificate of merit because defendants would risk a default judgment. We disagree. In such a situation, nothing prevents subsection (d) from being given full effect. Texas Rule of Civil Procedure 239 provides that a plaintiff may seek default "at any time after a defendant is required to answer." TEX. R. CIV. P. 239. Thus, a defendant may wait to file an answer until after a certificate of merit is filed and the answer becomes due. *See, e.g.*, *In re Hathcox*, 981 S.W.2d 422, 426 (Tex. App.—Texarkana 1998, no pet.) ("A default judgment rendered before a defendant's answer is due is void and must be reversed."); *Conaway v. Lopez*, 880 S.W.2d 448, 449 (Tex. App.—Austin 1994, writ ref'd) ("A default judgment rendered before the defendant's answer is due must be reversed. Indeed, many cases hold that such a judgment is void."). A defendant is in a superior position to know whether it is a licensed or registered design professional, and thus, when faced with a plaintiff's original petition, the defendant will be able to decide when its answer is due and whether it is good strategy to rely on subsection (d).[10]

## CONCLUSION

The trial court abused its discretion when it dismissed appellants' claims under section 150.002. Appellants' issues are sustained, and we reverse the trial court's order dismissing appellants' claims related to the design of catwalks. We affirm the remainder of the trial court's order and remand for further proceedings.

/s/        Sharon McCally
           Justice

Panel consists of Justices Frost, Jamison, and McCally. (Frost, J., dissenting).

---

[10] For example, appellants' original petition included a claim for negligence against appellees for faulty "engineering design" of catwalks in the plant. Appellees could have waited to answer the complaint until a certificate of merit was filed, but they chose not to do so—they filed a general denial about a week after appellants filed their original petition.

12