COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 ROBERT NAVARRO & ASSOCIATES
 ENGINEERING, INC. and
 BATH ENGINEERING CORPORATION,
  
                                    
 Appellants,
  
 v.
  
 FLOWERS BAKING CO. OF EL PASO, LLC.,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
  
 '
  
 '
  
 
 
  
  
  
                   No. 08-10-00236-CV
  
                          Appeal from
  
 448th District
 Court
  
 of El Paso County,
 Texas
  
 (TC # 2009-5126)
 
 
 
 
  
 
 
  
 
 
  
 
 


                                                                  O
P I N I O N

 

            This is an interlocutory appeal from
an order denying motions to dismiss claims under Chapter 150 of the Texas Civil
Practice and Remedies Code.  These
statutes govern suits filed against certain licensed professionals, including
engineers and their firms.  See Tex.Civ.Prac.&
Rem.Code Ann. §§ 150.001-.002 (West 2011).  All of Appellants’ arguments concern the
adequacy of the sworn certificate of merit. 
For the reasons that follow, we reverse and remand.  

FACTUAL SUMMARY

            On December 21 2009, Flowers Baking
Co. of El Paso, L.L.C. filed a single petition asserting claims against Robert
Navarro & Associates Engineering, Inc. and Bath Engineering Corporation (collectively
Appellants).  According to Flowers’
petition, the underlying suit arose out of the construction of a new warehouse
at their facility (the Project).  Flowers
hired Navarro to provide “the architectural, civil engineering, structural,
mechanical, and electrical design and construction documents, including the
drawings and specifications” (the “Project Documents”).  Flowers also alleged that certain Project
Documents were to be prepared and provided by Bath.   In short, Appellants were to identify and
provide for water and sewage connections to the warehouse.  Although the design and construction
documents provided to Flowers reflected existing and accessible water and
sewage lines adjacent to the warehouse:

[A]t a point in
time when the Project was virtually complete, it was discovered that such
design and construction documents were incorrect.  There were in fact no existing and accessible
water and sewage lines [in the area adjacent to the warehouse].

 

Flowers
further alleged that as a result “of the foregoing defect and error in the
Project design,” it incurred serious and unexpected costs in identifying and
implementing an alternative plan.  Based
on these allegations, Flowers urged causes of action for professional
negligence and breach of contract against Navarro, as well as a cause of action
for negligent misrepresentation against Bath. 
Specifically, Flowers’ petition stated: 

CAUSES OF ACTION

 

Professional Negligence

 

.          .          .

 

13. 
Navarro failed in the following respects to exercise the degree of care
and competence that an engineer of ordinary knowledge and skill would have
exercised under the same or similar facts and circumstances: 

·        
in failing to determine, in both an accurate and
timely manner before work on the Project commenced, that there were in fact no
existing and accessible water and sewage lines in West Mills;

·        
in representing in its design and construction
documents for the Project that there were existing and accessible water and
sewage lines in West Mills, when in fact there was not.

 

.         
.          .

 

Breach of Contract

.          .          .

 

17.  Navarro … has in the following respects
materially and substantially breached the agreement by and between Flowers and
Navarro in connection with the Project: 

·        
in failing to determine, in both an accurate and
timely manner before work on the Project commenced, that there were in fact no
existing and accessible water and sewage lines in West Mills;

·        
in representing in its design and construction
documents for the Project that there were existing and accessible water and
sewage lines in West Mills, when in fact there was not.

.         
.          .

 

Negligent Misrepresentation

.         
.          .

 

20.  In the course of Bath’s business and work on
the Project, a transaction in which Bath had a pecuniary interest, Bath
supplied information to the effect, and represented, that there were existing
and accessible water and sewage lines in West Mills, when in fact there was
not. Bath intended or knew or should have known that Flowers would receive and
justifiably rely upon the foregoing information and representation.  Bath failed to exercise reasonable care or
competence in obtaining and communicating the foregoing information and
representation, and Flowers did in fact justifiably rely thereon to its damage
and detriment. 

As required by Chapter
150 of the Texas Civil Practice and Remedies Code, Flowers attached a sworn
certificate of merit from Gerald Spencer, a licensed professional engineer.  

            Navarro and Bath filed motions to
dismiss, complaining that Spencer’s certificate of merit failed to satisfy the statutory
requirements.  The district court denied
the motions.  Navarro’s first issue and
Bath’s second issue are parallel complaints that Spencer’s certificate of merit
fails to clearly and unequivocally attribute the alleged act, error, omission
to a particular defendant.  Because these
issues are dispositive, we need not address the remainder.  

Standard
of Review

            We review a trial court’s denial of
a motion to dismiss under Section 150.002 for an abuse of discretion.  JNY,
L.P. v. Raba-Kistner Consultants, Inc., 311 S.W.3d 584, 585-86
(Tex.App.--El Paso 2010, no pet.); M-E
Engineers, Inc. v. City of Temple, 365 S.W.3d 497, 500 (Tex.App.--Austin,
pet. denied); Garza v. Carmona, No.
13-11-00077-CV, 2012 WL 1134014, at *3 (Tex.App.--Corpus Christi April 5, 2012,
no pet. h.); Sharp Eng’g v. Luis, 321
S.W.3d 748, 752 (Tex.App.--Houston [14th Dist.] 2010, no pet.); Benchmark Eng’g Corp. v. Sam Houston Race
Park, 316 S.W.3d 41, 44 (Tex.App.--Houston [14th Dist .] 2010, pet. dism’d
by agr.); Landreth v. Las Brisas Council
of Co-Owners, Inc., 285 S.W.3d 492, 496 (Tex.App.--Corpus Christi 2009, no
pet.).  A trial court abuses its
discretion when it acts arbitrarily, unreasonably, or without reference to any
guiding rules and principles.  Bowie Mem’l Hosp. v. Wright, 79 S.W.3d
48, 52 (Tex. 2002); Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985).  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court does
not demonstrate an abuse of discretion.  Palladian Bldg. Co., Inc. v. Nortex
Foundation Designs, Inc., 165 S.W.3d 430, 433 (Tex.App.--Fort Worth 2005,
no pet.).

            We review questions of statutory
construction de novo.  State v.
Shumake, 199 S.W.3d 279, 284 (Tex. 2006); Singleton v. Casteel, 267 S.W.3d 547, 550 (Tex.App.--Houston [14th
Dist.] 2008, pet. denied), citing City of
San Antonio v. Boerne, 111 S.W.3d 22, 25 (Tex. 2003).  Once we determine the statute’s proper
construction, we must then decide whether the trial court abused its discretion
in applying the statute.  Palladian, 165 S.W.3d at 436.  A trial court has “no ‘discretion’ in
determining what the law is or applying the law to the facts.”  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). 
Accordingly, a trial court abuses its discretion if it misinterprets or
misapplies the law.  Perry Homes v. Cull, 258 S.W.3d 580, 598 n. 102 (Tex. 2008); Walker 827 S.W.2d at 840.

Chapter
150 and Statutory Construction 

            Chapter 150 addresses suits brought
against “licensed or registered professionals.” 
See generally Tex.Civ.Prac.&Rem.Code Ann. §§
150.001-.002 (West 2011).  Specifically, Section
150.002, requires, in relevant part:[1]

(a)  In any action or arbitration proceeding for
damages arising out of the provision of professional services by a licensed or
registered professional, the plaintiff shall be required to file with the
complaint an affidavit of a third-party licensed architect, licensed
professional engineer, registered landscape architect, or registered
professional land surveyor who:

 

(1)  is
competent to testify;

 

(2)  holds
the same professional license or registration as the defendant; and 

 

(3)  is
knowledgeable in the area of practice of the defendant and offers testimony
based on the person’s:

 

(A)  knowledge;

 

(B)  skill;

 

(C)  experience;

 

(D)  education;

 

(E)  training; and

 

(F)  practice.

 

(b)  The
affidavit shall set forth specifically
for each theory of recovery for which damages are sought, the negligence, if any, or other
action, error, or omission of the licensed or registered professional in
providing the professional service, including any error or omission in providing
advice, judgment, opinion, or a similar professional skill claimed to exist and
the factual basis for each such claim. The third-party licensed architect,
licensed professional engineer, registered landscape architect, or registered
professional land surveyor shall be licensed or registered in this state and
actively engaged in the practice of architecture, engineering, or surveying.

 

.          .          .

 

(e)  The plaintiff’s failure to file the affidavit
in accordance with this section shall result in dismissal of the complaint
against the defendant. This dismissal may be with prejudice.  [Emphasis added].

 

            The statute thus requires that the
affidavit must address each theory of recovery and identify the negligence or
omission of the licensed professional.

In
construing statutes, our primary objective is to give effect to the Legislature’s
intent.  Shumake, 199 S.W.3d at 284; Tex.
Lottery Comm’n v. First State Bank of DeQueen, 325 S.W.3d 628, 635 (Tex.
2010); Nangia v. Taylor, 338 S.W.3d
768, 770 (Tex.App.--Beaumont 2011, no pet), citing
Galbraith Eng’g Consultants, Inc., v. Pochucha, 290 S.W.3d 863, 867 (Tex.
2009).   “We seek that intent first and
foremost in the statutory text.”  See M-E Engineers, Inc., 365 S.W.3d at
500, citing Lexington Ins. Co. v. Strayhorn, 209 S.W.3d 83, 85 (Tex.
2006)(internal quotations omitted).  In
doing so, we consider the words in context, not in isolation, and we rely on
the plain meaning of the text unless a different meaning is supplied by legislative
definition or is apparent from context, or unless such a construction leads to
absurd results. See State v. Gonzalez,
82 S.W.3d 322, 327 (Tex. 2002); City of
Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 2008); see also Tex.Gov’t Code Ann. § 311.011
(West 2005)(“Words and phrases shall be read in context and construed according
to the rules of grammar and common usage,” but “[w]ords and phrases that have
acquired a technical or particular meaning, whether by legislative definition
or otherwise, shall be construed accordingly.”).  

            We presume that the Legislature was
aware of the background law and acted with reference to it.  See
Acker v. Texas Water Comm’n, 790 S.W.2d 299, 301 (Tex. 1990). We further
presume that every word of a statute is used for a purpose, and that every word
excluded from a statute was excluded purposefully.  See
Texas Lottery Comm’n v. First State Bank of DeQueen, 325 S.W.3d at 628, 635
(Tex. 2010); Shook v. Walden, 304
S.W.3d 910, 917 (Tex.App.--Austin 2010, no pet.).

FailURE to Attribute Conduct to
Each defendant 

 

            We begin our analysis by addressing
Appellants’ assertions that Flowers failed to provide a certificate of merit
attributing actions, errors, or omissions to each engineering defendant.  Flowers filed a single certificate of merit,
sworn to by Gerald Spencer, P.E.  The
affidavit establishes the duty of a professional engineer.  An engineer’s liability is tied to the
sealing of engineering documents both generally and under the alleged facts of
the case.  Tying liability to the sealing
of engineering documents is statutory.  “Upon
sealing, engineers take full professional responsibility for that work.”  Tex.Admin.Code § 137.33(b).  Spencer then opined as to the standard of
care and breach thereof:

5.  Included
among the construction drawings is one drawing identified as Drawing Sheet No.
MO. 1, which drawing is also labeled ‘Plumbing Site Plan’. Drawing Sheet No.
MO. 1 indicates a 4” water line and a 4” sewer line located in the public
street ROW identified as Mills Street on this Drawing Sheet MO. 1.  Drawing Sheet MO. 1 was certified and sealed,
as the drawing was required by Texas law to [be] prepared under the direction of
and certified by a professional engineer licensed to practice in the State of
Texas.

6.  It
is my understanding from Plaintiff’s Original Petition filed in the Lawsuit
that there are in fact no water and sewer lines located at West Mills Street in
El  Paso County, Texas.

7.  In my opinion, the failure to confirm the
actual location and existence of the water and sewer lines that are indicated
on Drawing Sheet No. MO. 1 constitutes professional negligence or a failure to
exercise the degree of care and competence that an engineer of ordinary skill
and knowledge would have been or expected to be provided to the public.  Therefore,
it is my opinion that the failure to confirm the actual location and existence
of the water and sewer lines that are indicated on Drawing Sheet No. MO. 1 constitutes
professional negligence by Robert Navarro and Associates Engineering, Inc. and/or
Bath Engineering Corporation.  An
engineer’s certification of construction drawings represents a certification by
the engineer that the information contained in the drawings is correct, and
that the drawings are proper for the underlying construction project.  At a minimum, I would expect a reasonable
engineer to actually check with the City of El Paso or other appropriate governmental
authority in El Paso to confirm that the water and sewer lines that are shown
on Drawing Sheet No. MO. 1 actually exist.  Additionally, I would expect a reasonable
engineer to confirm that the water and sewer lines shown on Drawing Sheet No.
MO. 1 are actually sufficient for the construction job.  Third, 1 would expect a reasonable engineer
to perform a site inspection of the property in order to determine whether
there were any manholes, water valves, and fire hydrants or other evidence that
would reflect the location of underground water and sewer lines. The failure to do these things prior to
certifying (stamping) the construction drawings as approved would, in my
opinion, constitute a breach or violation of the standard of care normally
expected of engineers.  [Emphasis
added].

 

The affidavit
does not specify who certified and sealed Drawing Sheet MO. 1, but Flowers
affirmatively states in its brief that Bath sealed the drawing showing water
and sewer lines.  

            Appellants focus heavily on Spencer’s
use of the phrase “and/or” when discussing the alleged “negligence . . . action,
error, or omission” of the two defendants. 
They contend that the statute requires a direct and unequivocal
statement by the affiant that attributes a specific act, error, or omission to each
defendant.  By contrast, Flowers argues
that the certificate need not specifically connect the alleged “negligence . . .
actions, errors, or omissions to a particular defendant or theory of recovery.”  In support, Flowers relies upon two cases
from the Beaumont Court of Appeals:  Nangia, 338 S.W.3d at 773 and Criterium-Farrell Eng’rs v. Owens, 248
S.W.3d 395, 399 (Tex.App.--Beaumont 2008, no pet.).  Neither case addresses whether Section
150.002 requires a certificate of merit tying tortious conduct to a specific
defendant.  In fact, neither case deals
with the issue of multiple defendants.  Instead,
both deal with the specificity requirements regarding each theory of recovery
under an older version of the statute.  See Nangia, 338 S.W.3d at 773 (finding
that “The focus of the certificate of merit is on the alleged error or omission
and the facts that support the claim,” and that, as long as the certificate
sets forth the alleged negligence, actions, errors, and omissions and the factual
basis for each such claim, the purpose of Chapter 150 is met); Criterium-Farrell, 248 S.W.3d at 399 (noting
that the purpose of the certificate of merit requirement is to inform the
defendant of the specific conduct called into question and to provide a basis
for the trial court to conclude that the plaintiffs claims have merit and
holding that a certificate of merit was not defective merely because it did not
expressly connect the stated actions, errors, and omissions to the negligence
cause of action).  While Flowers concedes these cases do not
discuss situations involving multiple defendants, he persists in suggesting “it
would seem logically to follow that it is not necessary [for] the certificate
of merit to expressly connect the alleged acts, errors, and omissions to a
particular defendant . . . .”  We do not
write so broadly.

Flowers
also relies heavily on Howe-Baker Engineers, Ltd v. Enterprise Products
Operating, LLC, No. 01-09-01087-CV, 2011 WL 1660715, *1 (Tex. App.--Houston
[1st Dist.] Apr. 29, 2011, no pet.)(mem. op.). 
There, the two named defendants, Howe-Baker and CB & I, were alleged
to be alter-egos.  In that circumstance, the
Houston Court of Appeals held that the statute did not require the supporting
affidavit to attribute a particular act or omission to a defendant whose
alleged liability was entirely vicarious of the alleged liability of another
defendant as to which the affidavit did satisfy the statute.  Howe-Baker,
2011 WL 1660715, at * 6.  Flowers alleged
neither vicarious liability nor alter ego which it flatly concedes in its
briefing.  

Similar
claims emerged in M-E Engineers, Inc. v.
City of Temple, 365 S.W.3d 497 (Tex.App.--Austin 2012, pet. denied).  There, the City hired a general contractor
and an architect to assist in the construction of a new police
headquarters.  Id. at 499.  The architect
then contracted with M-E to provide mechanical, electrical, and plumbing
engineering services for the project.  Id. 
M-E provided its services on the project through Allen Y. Tochihara, a
licensed professional engineer and “M-E principal.”  Id.  Subsequently, the City filed a negligence and
breach of contract claim against the general contractor, the architect, M-E,
and Tochihara because the newly built police headquarters had problems with its
HVAC system.  Id.  In accordance with
Section 150.002, the City attached a sworn certificate of merit from a licensed
professional engineer, Bill M. Long.  Id. 
Long attested to the HVAC design and construction deficiencies and
opined that “these errors and omissions were caused by a lack of supervision
and enforcement of the contract documents by the Engineer, which constitutes negligence in the practice of
engineering.”  [Emphasis added].  Id.  Long defined and identified “the Engineer” as
Tochihara, but he did not explicitly mention M-E, Tochihara’s firm.  Id.  Tochihara and M-E filed motions to
dismiss.  Id.  Prior to the hearing,
the City amended its pleadings to include:  (1) negligence by Tochihara and (2) vicarious
liability of M-E for Tochihara’s negligence by virtue of Tochihara’s status as
the company’s employee, agent, and principal. 
Id.  The trial court denied the motion to
dismiss.  Id.  On appeal, the parties
argued in part that Long’s certificate was inadequate to support claims against
M-E because it only explicitly referred to Tochihara “the Engineer” and not to
M-E.  Id.
at 499-500, 505.  Noting the claims for
vicarious liability, the Court of Appeals affirmed.  However, in doing so, the Court provided the
following analysis: 

[T]he certificate-of-merit
requirement is similar to the expert-report requirement under chapter 74 of the
civil practice and remedies code--regardless of the legal theory or theories on
which the plaintiff relies in seeking damages, he or she must file an expert
report if the claim is predicated on facts characteristic of a ‘health care
liability claim.’

 

Id. at 506.  We turn now to the theories of recovery pled
and the allegations of negligence against each defendant.  As might be expected, the parties view the
record differently.  Bath was sued for
negligent misrepresentation.  Navarro
contends that it was sued for professional negligence and breach of contract “as
though NAVARRO had made the determinations and representations involved in BATH’S
drawing.”  Flowers’ pleadings specifically
allege “Navarro was to provide Flowers with the architectural, civil
engineering, structural, mechanical, and electrical design and construction
documents . . . with respect to a new warehouse . . . .  Certain Project Documents were to be prepared
and provided by Bath.”  This differs a
bit from the brief in which Flowers suggests that it was Navarro alone that had
contracted to provide the Project Documents. 
In any event, a single omission is the basis for all causes of action --
the Project Documents incorrectly show the location of water and sewer lines.

If
Bath sealed the Project Documents, it may bear liability for negligence.  But Bath was sued for negligent
misrepresentation, a totally separate tort requiring different elements of
proof.  See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,
991 S.W.2d 787, 791 (Tex. 1999); Colvin
v. Red Steel Co., 682 S.W.2d 243, 245 (Tex. 1984).  If Navarro did not seal the drawing, it may or
may not bear liability for breach of contract or negligence.  One cannot ascertain the nuanced distinctions
based upon Spencer’s affidavit.  We thus
agree with Appellants that the statutory language does not allow for collective
assertions of negligence:

It cannot be
presumed that anytime two defendants are accused of similar conduct that valid
claims exist against both of them -- if such claims indeed exist, the expert must
actually say so, and do so in the form of positive averments made under oath.

 

We
sustain Navarro’s Issue One and Bath’s Issue Two.  We reverse and remand to the trial court for
a determination of whether the dismissal of Flowers’ claims shall be with or
without prejudice.  See Tex.Civ.Prac.&Rem.Code
Ann. § 150.002(e)(providing that a dismissal based on a plaintiff’s
failure to file a certificate of merit in accordance with the statute “may be
with prejudice.”)

 

September 26, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]  This suit was filed in December 2010.  Accordingly, the version of Chapter 150, as
amended in 2009, governs the suit.  See Act of May 27, 2005, 79th Leg.,
R.S., ch. 208, § 2, 2005 Tex.Gen.Laws
369, 370, amended by Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 2-4,
2009 Tex.Gen.Laws 1991, 1992 (codified
at Tex.Civ.Prac.&Rem.Code Ann. § 150.002).