ACCEPTED
15-25-00019-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/21/2025 3:07 PM
CHRISTOPHER A. PRINE
CLERK

NO. _____

**IN THE COURT OF APPEALS FOR THE**
**FIFTEENTH DISTRICT OF TEXAS AT AUSTIN**

FILED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
2/21/2025 3:07:29 PM
CHRISTOPHER A. PRINE
Clerk

**In Re T. BENTLY DURANT, THOMAS R. DURANT, THE DURANT CLASSIC DYNASTY TRUST, MICHAEL A. WARD, 8100 PARTNERS, LTD., 8100, MANAGEMENT LLC, 8705 PARTNERS, LTD., 8705 MANAGEMENT LLC, CLASSIC CHEVROLET SUGAR LAND, LLC, CLASSIC CHEVROLET WEST HOUSTON, LLC, CLASSIC ELITE BUICK GMC, INC., AND 16835 CADET PARTNERS, LLC.,**
*Relators.*

Original Proceeding from the
Business Court of the State of Texas, Eleventh Division
Cause No. 25-BC11A-0001
Honorable Stacy Rogers Sharp, Judge of the Texas Business Court
Fourth Division, Sitting by Assignment

**PETITION FOR WRIT OF MANDAMUS**

**SHACKELFORD, McKINLEY & NORTON, LLP**
*Attorneys for Relators*

K. Elizabeth Swan
State Bar No. 24071218
eswan@shackelford.law
Derek D. Rollins
State Bar No. 24029803
drollins@shackelford.law
Lucas Peterson
State Bar No. 24121468
lpeterson@shackelford.law
9201 N. Central Expy., 4th Floor,
Dallas, Texas 75231
Telephone: (214) 780-1400
Facsimile: (214) 780-1401

Timothy D. Zeiger
State Bar No. 22255950
tzeiger@shackelford.law
2600 Via Fortuna, Suite 150
Austin, Texas 78746
Telephone: (512) 469-0900
Facsimile: (512) 469-0930

## IDENTITY OF THE PARTIES AND COUNSEL

**Relators:**           T. Bently Durant, Thomas R. Durant, The
                        Durant Classic Dynasty Trust, Michael A.
                        Ward, 8100 Partners, Ltd., 8100
                        Management LLC, 8705 Partners, Ltd., and
                        8705 Management LLC, Classic Chevrolet
                        Sugar Land, LLC, Classic Chevrolet West
                        Houston, LLC, Classic Elite Buick GMC,
                        Inc., and 16835 Cadet Partners, LLC


**Counsel:**            SHACKELFORD, MCKINLEY &
                        NORTON, LLP

                        K. Elizabeth Swan
                        State Bar No. 24071218
                        eswan@shackelford.law
                        Derek D. Rollins
                        State Bar No. 24029803
                        drollins@shackelford.law
                        Lucas Peterson
                        State Bar No. 24121468
                        lpeterson@shackelford.law
                        9201 N. Central Expressway, 4th Floor
                        Dallas, Texas 75231
                        Telephone: (214) 780-1400
                        Facsimile: (214)-780-1401

                        Timothy D. Zeiger
                        State Bar No. 22255950
                        tzeiger@shackelford.law
                        2600 Via Fortuna, Suite 150
                        Austin, Texas 78746
                        Telephone: (512) 469-0900
                        Facsimile: (214) 889-9711

**Real Party in Interest:**    Michael Jeffrey Sebastian, Individually and on behalf of the Sebastian Community Estate, and Derivatively on behalf of the Classic Dealerships

**Counsel:**    BOHREER LAW FIRM PLLC

E. Michelle Bohreer
State Bar No. 06717100
michelle@bohreerlaw.com
Pritesh Soni
State Bar No. 24063926
pritesh@bohreerlaw.com
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
Phone: (832) 856-3006
Facsimile: (832) 856-2891

**Real Party in Interest:**    Tiffany Lynn Sebastian, Individually and on behalf of the Sebastian Community Estate, and Derivatively on behalf of the Classic Dealerships

**Counsel:**    SCHEEF & STONE, LLP

J. Mitch Little
State Bar No. 24043788
mitch.little@solidcounsel.com
Steven Ovando
State Bar No. 24128862
steven.ovando@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
Phone: (214) 472-2100
Facsimile: (214) 472-2150

DICECCO LAW PARTNERS, PLLC

John Coselli, III

State Bar No. 24100163
john@diceccolawpartners.com
Jill K. Evangelista
State Bar No. 24010505
jill@diceccolawpartners.com
Joseph W. DiCecco
State Bar No. 05812520
joe@diceccolawpartners.com
777 Post Oak Blvd., Ste. 900
Houston, Texas 77056
Phone: (713) 496-1700
Facsimile: (713) 589-3392

**Respondent:**                    Hon. Stacy Rogers Sharp
Judge of the Texas Business Court, Fourth
Division, Sitting by Assignment
BCClerk@txcourts.gov
William P. Clements Building
300 West 15th Street, Suite 606
Austin, Texas 78701

iv

## TABLE OF CONTENTS

Identity of the Parties and Counsel ............................................................... ii

Table of Contents ............................................................................................ v

Index of Authorities ...................................................................................... vii

References........................................................................................................ xi

Statement of the Case.................................................................................... xii

Statement of Jurisdiction.............................................................................. xiii

Issues Presented ........................................................................................... xiii

Statement of Facts ......................................................................................... 14

Summary of the Argument............................................................................. 18

Standard of Review........................................................................................ 20

Argument........................................................................................................ 21

  I.    The business court abused its discretion in remanding an action
      properly removed................................................................................... 21

      A.    Chapter 25A allows for partial removal........................................... 21

           1.    Claims within a single case may be separated and proceed
               concurrently. ........................................................................... 21

           2.    The word "action" necessarily refers to a claim or claims
               rather than the entire lawsuit and does not preclude partial
               removal.................................................................................... 23

           3.    Requiring an order of severance prior to removal would be
               in conflict with Chapter 25A.................................................. 31

           4.    Chapter 25A authorizes *de facto* severance........................... 34

B. The removed claims fall within the jurisdiction of the business court. ...................................................................... 36

    1. The business court need only have jurisdiction over the removed action. ...................................................... 38

    2. The removed claims commenced after September 1, 2024. ...................................................................... 39

    3. Alternatively, Relators' notice of partial removal accomplished *de facto* severance of the removed claims into a new action. ............................................... 42

    4. Relators timely filed their notice of removal. .......................... 43

C. The business court had no authority to remand properly removed claims falling within its jurisdiction. ................................. 45

II. No adequate remedy by appeal exists. ...................................... 46

III. To the extent necessary, Relators request the Court to construe this Petition as an appeal. ...................................................... 48

Prayer for Relief ................................................................ 49

Declaration of Derek D. Rollins ............................................... 51

52.3(j) Certification ............................................................ 53

Certificate of Compliance ...................................................... 53

Certificate of Service ........................................................... 54

Index to Appendix .............................................................. 55

# INDEX OF AUTHORITIES

## Cases:

*Alexander v. Turtur & Associates*,
146 S.W.3d 113 (Tex. 2004) ................................................................... 41

*C Ten 31 LLC v. Tarbox*,
2025 Tex. Bus. 1, No. 24-BC03A-0004, 2025 WL 224542
(Tex. Bus. Ct. Jan. 3, 2025) ................................................................... 25

*C.D.W. Servs., L.L.C. v. Upper Room Bible Church, Inc.*,
No. 24-30203, 2024 WL 4482515 (5th Cir. May 22, 2024) ....................... 46

*CMH Homes v. Perez*,
340 S.W.3d 444 (Tex. 2011) ................................................................... 48

*City of Dallas v. TCI West End, Inc.*,
463 S.W.3d 53 (Tex. 2015) ............................................................... 24,25

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*,
271 S.W.3d 238 (Tex. 2008) ................................................................... 32

*CSR, Ltd. v. Link*,
925 S.W.2d 591 (Tex. 1996) (orig. proceeding) ....................................... 20

*Energy Transfer LP v. Culberson Midstream LLC*,
No. 24-BC01B-0005, 2024 WL 5320611 (Tex. Bus. Ct. Oct. 30, 2024)
................................................................................................................... 37

*F.F.P. Operating Partners, L.P. v. Duenez,*
237 S.W.3d 680 (Tex. 2007) ................................................................... 36

*Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*,
No. H-20-1588, 2020 WL 8678020 (S.D. Tex. July 14, 2020) ............. 41,42

*Hall v. City of Austin*,
450 S.W.2d 836 (Tex. 1970) ................................................................... 35

*In re CSX Corp.*,
124 S.W.3d 149 (Tex. 2003) (per curiam) ................................................. 20

*In re Geomet Recycling LLC*,
578 S.W.3d 82 (Tex. 2019) ........................................................................ 20

*In re Lisa Laser USA, Inc.*,
310 S.W.3d 880 (Tex. 2010) ...................................................................... 48

*In re Masonite Corp.*,
997 S.W.2d 194 (Tex. 1999) ...................................................................... 47

*In re Prudential Ins. Co. of Am.*,
148 S.W.3d 124 (Tex. 2004) ................................................................. 20,48

*Jorrie v. Charles, et al*,
No. 24-BC04B-001, 2024 WL 5337409 (Tex. Bus. Ct. Nov. 7, 2024) ...... 37

*Lone Star NGL Prod. Servs. v. Eagleclaw Midstream Ventures*,
No. 24-BC11A-0004, 2024 Tex. Bus. 8, 2024 WL 5202356 (Tex. Bus.
Ct. Dec. 20, 2024) ..................................................................................... 36

*Martinez v. Gonzales*,
No. 13-14-00241-CV, 2015 WL 5626242 (Tex. App.–Corpus Christi-
Edinburg, Sept. 17, 2015, no pet.) ................................................... 40,41,42

*Miles v. Tex. Cent. Railroad & Infrastructure, Inc.*,
647 S.W.3d 613 (Tex. 2022) ................................................................. 26,28

*Morris v. Ponce*,
584 S.W.3d 922 (Tex. App.–Houston [14th Dist.] 2019, no pet.) .... 40,41,42

*Murphy v. Russell*,
167 S.W.3d 835 (Tex. 2005) ...................................................................... 31

*Nangia v. Taylor*,
338 S.W.3d 768 (Tex. App.–Beaumont 2011, no pet.) .............................. 41

*Off. Of Att'y Gen. of Tex. v. C.W.H.*,
531 S.W.3d 178 (Tex. 2017) ...................................................................... 29

*Osmose Utils. Servs., Inc. v. Navarro Cnty. Elec. Coop.*,
    2025 Tex. Bus. 3, No. 24-BC01A-0011, 2025 WL 370681
    (Tex. Bus. Ct. January 31, 2025)......................................................... 25,28

*Pinto Tech. Ventures, L.P. v. Sheldon*,
    526 S.W.3d 428 (Tex. 2017) ...................................................................... 31

*Pitts v. Rivas*,
    No. 23-0427 (Tex. February 21, 2025)........................................................ 31

*Rodriguez v. Safeco Ins. Co. of Indiana*,
    684 S.W.3d 789 (Tex. 2024) ...................................................................... 39

*S&P Consulting Eng'rs, PLLC v. Baker*,
    334 S.W.3d 390 (Tex. App.—Austin 2011, no pet.) (en banc)................... 39

*SafeLease Ins. Servs. LLC v. Storable, Inc.*,
    2025 Tex. Bus. 6, No. 25-BC03A-0001, 2025 WL 446343 (Tex. Bus.
    Ct. February 10, 2025)................................................................................ 43

*Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers
    of America, L.L.C.*,
    685 S.W.3d 816 (Tex. 2024) ...................................................................... 46

*Seter v. Westdale Asset Mgt., Ltd., et al*,
    No. 24-BC01A-0006, 2024 Tex. Bus. 7 (Tex. Bus. Ct. Dec. 16, 2024) ..... 37

*State v. Morello*,
    547 S.W.3d 881 (Tex. 2018) ...................................................................... 33

*Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc.*,
    No. 24-BC01B-007, 2024 WL 5337412 (Tex. Bus. Ct. Oct. 31, 2024) ..... 37

*Tema Oil & Gas Co. v. ETC Field Servs., LLC*,
    No. 24-BC08B-0001, 2024 WL 5337411 (Tex. Bus. Ct. Nov. 6, 2024) .... 37

*Winans v. Berry*,
    No. 24-BC04A-0002 (Tex. Bus. Ct. Nov. 7, 2024) ................................... 37

*XTO Energy, Inc. v. Houston Pipe Line Company, L.P.,*
No. 24-BC11B-0008, 2024 WL 5337408 (Tex. Bus. Ct. Nov. 26, 2024)
.................................................................................................... 37

*Yadav v. Agrawal*,
2025 Tex. Bus. 7, 2025 WL 467645 (February 11, 2025) ..................... 24,26

**Statutes:**

Act of May 25, 2023, 88th Leg., R.S., ch.380, § 1, 2023 Tex. Sess. Law Serv.
919, 919.................................................................................................. xi,36

TEX. FAM. CODE § 101.034 ....................................................................... 29

TEX. GOV'T. CODE § 22.221(c-1)............................................................... xiii

TEX. GOV'T. CODE § 22.220(d)(3) ............................................................. xiii

TEX. GOV'T CODE § 25A.004....................................................... passim

TEX. GOV'T CODE § 25A.006....................................................... passim

TEX. GOV'T. CODE § 25A.007......................................................... xiii,47

TEX. R. APP. P. 44.3 ................................................................................. 49

| Party or Document | Reference |
|---|---|
| Act of May 25, 2023, 88th Leg., R.S., ch.380, § 1, 2023 Tex. Sess. Law Serv. 919, 919 | "the Act" |
| Tex. Gov't Code Chapter 25A | "Chapter 25A" |
| February 4, 2025 Opinion and Order (App.A) | "Remand Order" |
| Real Parties in Interest Michael Jeffrey Sebastian and Tiffany Sebastian | "Jeff" "Tiffany" Collectively, "the Sebastians" |
| Relators T. Bently Durant, Thomas R. Durant and The Durant Classic Dynasty Trust | "Classic" |
| 387th Judicial District Court of Fort Bend County, Texas | "Divorce Court" |
| Mandamus Record | "MR:[page]." |
| The Appendix | "App.[tab]:[page]." |

# STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case:* | Suit against Relators for breach of fiduciary duty, breach of contract, and other claims relating to the Real Parties in Interest's interest in Relators' car dealerships. MR:380-410.<br><br>Relators were improperly joined as third parties in a divorce proceeding between Real Parties in Interest pending in the 387th Judicial District Court of Fort Bend County, Texas. MR:354, 364, 382. Relators removed the claims against them to the business court on January 2, 2025. MR:4. Relators' Notice of Removal expressly excepted Real Parties in Interest's interspousal divorce and tort claims from removal. *Id.* Real Parties in Interest moved to remand. MR:136, 264.<br><br>The business court remanded the claims against Relators to the Divorce Court on February 4, 2025. App.A. |
| *Respondent:* | Hon. Stacy Rogers Sharp<br>Judge of the Texas Business Court, Fourth Division, Sitting by Assignment |
| *Respondent's Actions:* | Entry of the February 4, 2025 Remand Order, Remanding the case against Relators to the Divorce Court. App.A. |

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this original proceeding under Sections 22.221(c-1), 22.220(d)(3), and 25A.007 of the Texas Government Code because Relators seek a writ of mandamus related to an action or order of the Texas Business Court.

## ISSUES PRESENTED

1. Did the business court abuse its discretion in remanding this action to the 387th District Court of Fort Bend County, Texas?

2. Do Relators lack an adequate appellate remedy?

## STATEMENT OF FACTS

Relators T. Bently Durant, Thomas R. Durant and The Durant Classic Dynasty Trust are the principals of the Classic dealership group, with automobile dealerships located throughout the southwest United States. Real Parties in Interest Jeff Sebastian and his wife Tiffany Sebastian formerly managed three Classic dealerships located in the greater Houston area. MR:5. During his tenure, Jeff was also given a conditional equity interest in the Classic dealerships. *Id.*

On July 12, 2024, Tiffany filed for divorce from Jeff in the Divorce Court. MR:293. None of Relators were named as parties at that time, and the pleading requested relief solely relating to the divorce, division of community property, and possession and conservatorship orders for the Sebastians' then-minor child. MR:294-298.

In or around July 2024, information was brought to Classic's attention that raised significant concerns regarding Jeff's ability to effectively operate the Classic dealerships. Classic took corrective action and removed Jeff from his position as general manager of the three Classic dealerships. *Id*. According to Jeff's counsel this was a "Specified Event" under the BuySell Agreement with the Sebastians, requiring the Sebastians to sell their interest in the LLCs upon the terms and pricing stated in the BuySell Agreement. MR:156-157 ("[W]e send this letter to make clear that the 'triggering event' regarding buy out of the 'Sebastian interests' occurred on July 22,

14

2024. We further advise you that Jeff expects the 'remaining members', as well as [the Classic Dealerships LLC]… to comply with the terms of such Buy-Sell Agreement executed in Summer 2023…This letter shall serve as notice of a triggering event which occurred on July 22, 2024 as more fully described below"; *see also* MR:515, ¶¶ 3(i), (j)). In or around September 2024, Classic removed Tiffany from her position as temporary general manager of the Classic Dealerships.

On September 18, 2024, Jeff filed a counterpetition for divorce in the Divorce Court, and again, Relators T. Bently Durant, Thomas R. Durant, The Durant Classic Dynasty Trust, Michael A. Ward, 8100 Partners, Ltd., 8100 Management LLC, 8705 Partners, Ltd., and 8705 Management LLC, were not named as parties. MR:354. Relators Classic Chevrolet Sugar Land, LLC, Classic Chevrolet West Houston, LLC, Classic Elite Buick GMC, Inc., and 16835 Cadet Partners, LLC were named as "co-respondents" in the divorce, but no claims, or any allegation or explanation at all, were made to establish why the divorce petition necessitated a response from these entities, and those parties are not named as defendants in the subsequent pleading asserting claims against Relators. MR:354, 364, 382.

Subsequently, on October 11, 2024, the Sebastians were notified of a vote of no confidence, which was a "Specified Event" in the BuySell Agreement between the parties requiring the Sebastians to sell their interest in the Classic Dealerships.

15

MR: 190-191; *cf.* MR:515, ¶¶ 3(i), (j); MR:524 ("Once the Third-Party Defendants triggered the terms of the valid and enforceable Buy Sell Agreement….").

On December 3, 2024, the Sebastians filed a third-party petition in the Divorce Court, for the first time alleging claims against five (5) of the Relators for breach of contract and seeking declaratory judgment of rights and remedies under certain agreements between the parties. MR:364-379.

On December 20, 2024, the Sebastians filed a first amended third-party petition naming all Relators as defendants, adding claims for, *inter alia*, alleged breaches of the governing documents of the Classic Dealerships, breaches of fiduciary duty, conversion and fraudulent transfer of corporate assets, tortious interference with a contract, and fraud. MR:382-408. The Sebastians also seek appointment of a receiver over all member units / shares of multiple Classic dealerships, and to control significant aspects of those business operations including decision-making authority over expenditures, financial obligations and debts, contracts, and personnel decisions such as hiring and firing. MR:401-404. The Sebastians further seek an audit of Relators pursuant to Rule 172 of the Texas Rules of Civil Procedure. MR:404-405.

Relators filed a notice of removal to the business court of the Sebastians' claims against them on January 2, 2025, which was within thirty (30) days of the third-party petition improperly filed against certain Relators. MR:4. Jeff moved to

16

remand and Tiffany joined in the motion, on the basis that: 1) Chapter 25A only allows for the removal of an entire case and all claims therein; and 2) the divorce case was initiated prior to September 1, 2024, thereby frustrating the business court's subject-matter jurisdiction over the entire case, including the claims and parties added thereafter. MR:136, 264. At the hearing on the motion to remand, counsel for Real Parties in Interest did not contest that their claims against Relators fall within the primary subject matter jurisdiction of the business court, but instead protested removal solely on the basis that Tiffany's July 2024 petition for divorce from Jeff "commenced" the action such that Relators' removal of the improperly asserted third-party claims was precluded by Section 8 of the Act. MR:476-477. The business court agreed and issued its Remand Order on February 4, 2025, of which Relators now seek mandamus review. App.A.

The following day, on February 5, 2025, without conferring with Relators' counsel, Real Parties in Interest noticed their application for the appointment of a receiver and for an audit of the Classic Dealerships for a hearing on February 24, 2025. Thereafter, on February 20, 2024, real parties in interest unilaterally changed the hearing date to March 17, 2025.

On the morning of Friday, February 21, 2025, without prior notice to Relators, Real Parties in Interest filed a joint emergency application for a temporary restraining order and temporary injunction in the Divorce Court, and unilaterally set

17

it for a hearing on Monday, February 24, 2025 at 9:00 a.m. MR: 559. Real Parties in Interest seek a temporary restraining order that, inter alia, enjoins "interference" with the Sebastians' "legal right" to control "all management decisions" related to the Classic Dealerships and orders "compliance" with the Buy-Sell Agreement and various company agreements (such agreements being the subject of Real Parties in Interest's claims for declaratory judgment). MR: 508-519; 555-558.

### SUMMARY OF ARGUMENT

When the Texas Legislature passed the Act, creating the state's new business court and establishing a means for removing cases involving certain complex commercial claims to the various divisions of that court, it recognized that cases involving both complex commercial claims and non-commercial claims commonly arise. With this foresight, the Legislature expressly afforded litigants the procedural right to unilaterally opt out of the business court's supplemental jurisdiction over any non-commercial claims. In the event any party or the business court judge refuses to submit any such non-commercial claims for proceedings in the business court, the Act requires such claims to "proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court."

In this case, Relators exercised the Legislatively granted procedural right to partial removal, expressly removing only the complex commercial claims asserted against them to the business court, thereby opting out of the business court's

18

supplemental jurisdiction over any non-commercial claims and accomplishing a *de facto* severance of the commercial claims from the non-commercial claims, as the Legislature intended. The business court improperly ignored the Act's express allowance for partial removal, finding that Relators' partial removal was ineffective, and consequently, that Real Parties in Interest's claims against Relators "commenced" upon the initial filing of a petition for divorce that did not involve Real Parties in Interest (i.e., the "non-commercial" claims).

Guidance is needed from this Court regarding the removal procedure in the newly formed business court. Chapter 25A expressly allows the business court to exercise jurisdiction over some claims but not others within the same case or controversy. That can only be accomplished through partial removal and partial remand. Here, the business court incorrectly construed Chapter 25A to determine neither is permitted, erroneously holding that the entire case and all claims therein must be removed or remanded together, as one "action," to proceed in one forum. The effect of the business court's "all or nothing" holding is that jurisdiction of the business court may be defeated if even a single claim does not fall within the subject-matter jurisdiction of the business court.

That holding is inconsistent with Chapter 25A's concept of supplemental jurisdiction and the statutory scheme providing for the unilateral separation of claims within a single case for the express purpose of allowing the business court to exercise

jurisdiction over some claims but not others. Here, the removed claims fall entirely within the subject matter jurisdiction of the business court, including being filed after Chapter 25A's effective date of September 1, 2024. The business court is not required to have jurisdiction over non-removed claims within the same case pursuant to Chapter 25A. The business court erroneously remanded the claims against Relators, warranting mandamus review.

## STANDARD OF REVIEW

Mandamus relief is appropriate when (1) there has been a clear abuse of discretion by the trial court and (2) there is no adequate remedy by appeal. *In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (per curiam) (quoting *CSR, Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding)). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004).

**I.** **The business court abused its discretion in remanding an action properly removed.**

    **A.** **Chapter 25A allows for partial removal.**

        **1.** **Claims within a single case may be separated to proceed concurrently.**

The business court made an error of law in holding it cannot separate removed claims from non-removed claims when Chapter 25A provides it must do so.

There is an express statutory scheme allowing the removal of some claims to the business court, while other claims within the same case or controversy are separated to proceed concurrently in the court of original jurisdiction:

> …[T]he business court has supplemental jurisdiction over **any other claim** related to a case or controversy within the court's jurisdiction **that forms part of the same case or controversy**. A claim within the business court's supplemental jurisdiction may proceed in the business court only on the agreement of all parties to the claim and a judge of the division of the court before which the action is pending. **If the parties involved in a claim within the business court's supplemental jurisdiction do not agree on the claim proceeding in the business court, the claim may proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court.**

TEX. GOV'T. CODE § 25A.004(f) (emphasis added).

The first sentence of Section 25A.004(f) contemplates that the business court may have primary jurisdiction (i.e., falling within the enumerated jurisdictional categories of Section 25A.004(b), (c), or (e)) over some claims within a case, but not others within that "same case." *Id*. By its express terms, a case can have some claims

that are within the Business Court's jurisdiction and some that are not, but both types of claims are part of the same case. *Id.* It does not require removing parties to remove all claims within the entire case. On the contrary, the third sentence of Section 25A.004(f) expressly authorizes claims within a single case to be separated upon the unilateral decision of any party, as Relators did in the case at bar, and claims within the business court's primary jurisdiction to proceed in the business court while others proceed concurrently under a different cause number in the court of original jurisdiction – a *de facto* unilateral severance. *Id.* ("…the claim may proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court."); *cf.* TEX. R. CIV. P. 41 (severed claims are "docketed as a separate suit … and proceeded with separately."); *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (a suit severed into two separate and distinct causes will be heard by two different fact finders).

Removal of claims within the business court's jurisdiction is a matter of right. TEX. GOV'T CODE § 25A.006(d). And in the absence of agreement by all parties and the judge, claims falling only within the supplemental jurisdiction of the business court *cannot* proceed in the business court and *must* proceed concurrently in the court of original jurisdiction (or otherwise be abated), while claims that are within the business court's primary jurisdiction proceed in the business court. *Id.* §

22

25A.004(f). Thus, separation of claims within a case is not only permissible, but mandatory if any party does not consent to the removal of all claims. *Id.*

Here, the business court was required to accept Relators' partial removal and refusal to agree to supplemental jurisdiction over the divorce claims, which should have resulted in the separation and concurrent proceedings in two venues of 1) the claims against Relators, which properly fall within the business court's jurisdiction and were filed after September 1, 2024, and 2) the claims arising under the Family Code and interspousal tort claims between the Real Parties in Interest which could only fall within the supplemental jurisdiction of the business court with the consent of all parties and the judge and which predate the effective date of Chapter 25A. TEX. GOV'T. CODE § 25A.004(g)(2)(C). Chapter 25A affords litigants the procedural right to partial removal, and the business court was required to enforce the consequent separation of removed from non-removed claims and allow them to proceed concurrently in two separate venues, but it failed to do so.

> **2.** **"Action" in Chapter 25A necessarily refers to a claim or claims rather than the entire lawsuit and does not preclude partial removal.**

The business court held that the word "action" as used in § 25A.006(d) refers to the entire lawsuit and mandates removal or remand of the entire lawsuit only, rather than partial removal or remand of particular claims. App.A:5-7. That is not a reasonable interpretation of the statute in light of the provisions providing for

separation of claims falling under the business court's supplemental jurisdiction. TEX. GOV'T CODE § 25A.004(f).

The term "action" is used multiple times in § 25A.006(d):

> **A party to an action** filed in a district court or county court at law that is within the jurisdiction of the business court **may remove the action** to the business court. If the business court does not have jurisdiction of the action, **the business court shall remand the action** to the court in which the action was originally filed.

*Id*. (emphasis added). The business court acknowledges that Section 25A does not define "action" and looks instead to the general meaning of the term in other contexts. App.A:6¶16; *Yadav v. Agrawal*, 2025 Tex. Bus. 7 at ¶27, 2025 WL 467645 at *5 (February 11, 2025). However, "action" in this context must be considered within the statute as a whole. *City of Dallas v. TCI West End, Inc*., 463 S.W.3d 53, 55 (Tex. 2015).

If "action" were interpreted to mean only the entire lawsuit and all claims comprising it, not only would parties be precluded from partial removal, but ***the business court would also be precluded from partial remand, since both the authority to remove and authority to remand are equally granted using the word "action."*** TEX. GOV'T CODE § 25A.006(d). That interpretation directly contradicts the supplemental jurisdiction provisions of § 25A.004(f) which provide for unilateral separation (and thus, *de facto* severance) of claims to proceed to two different final and appealable judgments simultaneously and separately in two different venues.

There is no conceivable circumstance in which section 25A.004(f) could apply to separate claims forming "part of the same case or controversy" if both partial removal and partial remand were prohibited. According to the business court's flawed interpretation, neither the parties themselves nor the court itself has authority to separate claims, rendering Chapter 25A's express allowance for unilateral separation and concurrent proceedings ineffective and meaningless. *Id.* § 25A.004(f). The Court must avoid adopting an interpretation that renders any part of Chapter 25A meaningless, including the entirety of the supplemental jurisdiction provisions. *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d at 55. The business court clearly abused its discretion in adopting such an interpretation here.

The Remand Order relied in part on *Osmose Utils. Servs., Inc. v. Navarro Cnty. Elec. Coop.*, 2025 Tex. Bus. 3 at ¶11, No. 24-BC01A-0011, 2025 WL 370681 at *2 (Tex. Bus. Ct. January 31, 2025). In *Osmose*, the business court noted that Chapter 25A left open the possibility that a remanded action may encompass fewer than all claims. *Id.* (citing *C Ten 31 LLC v. Tarbox*, 2025 Tex. Bus. 1, at ¶31, No. 24-BC03A-0004, 2025 WL 224542, at *8 (Tex. Bus. Ct. Jan. 3, 2025); TEX. GOV'T CODE §§ 25A.004(f), (g)(2)-(5), (h); 25A.006(b)-(d)). The *Osmose* court further noted inconsistent use of the word "action" within Chapter 25A, pointing out that "action" and "claim" are synonymously used in section 25A.004(g). *Id.* at *4, ¶ 23. Yet, relying on prior business court opinions and the plain meaning of the terms, and

25

without attempting to reconcile its interpretation of "action" with section 25A.004(f)'s provision for separation of claims for concurrent proceedings in different courts, *Osmose* held Chapter 25A permits only removal of an entire lawsuit and not individual claims within a lawsuit. *Id*. at \*2, ¶15. The subsequent case of *Yadav* was similarly decided, without even acknowledging § 25A.004(f)'s express provision for separation of claims within the same case. *Yadav v. Agrawal*, 2025 Tex. Bus. 7 at ¶76, No. 24-BC03B-0003, 2025 WL 467645 at \*14 (Tex. Bus. Ct. February 11, 2025). The issue has not yet been considered by this Court.

The business court's admittedly "imperfect"[1] holdings prohibiting partial removal, in this case and in *Osmose* and *Yadav*, cannot be reconciled with Chapter 25A when read as a whole, as it must be. *Miles v. Tex. Cent. Railroad & Infrastructure, Inc.*, 647 S.W.3d 613, 619 (Tex. 2022). The business court's authority to remand a case lies in § 25A.006(d), which requires remand of the "action." ***If "action" must be interpreted in every instance to mean the entire lawsuit, the business court could never separate claims or partially remand as required by § 25A.004(f)***, rendering that provision meaningless. Therefore, "action" necessarily refers to a legal proceeding which may include fewer than all claims in a case. Applying the same term in the same subsection of the statute, a party's right

---

[1]   *Osmose*, at \*11-12, ¶ 25.

to remove the "action" to the business court also refers to fewer than all claims. TEX. GOV'T CODE § 25A.006(d). Under the only reasonable interpretation of Chapter 25A, both partial removal and partial remand are permitted.

Frequent use of the word "action" in section 25A.004 further evidences that "action" cannot exclusively mean all claims. Sections 25A.004(b), (c) and (d) repeatedly confer jurisdiction on the business court over various types of "actions." If "action" in that provision referred to the entire lawsuit without the possibility of separation and separate consideration of distinct claims within the case, then pleading a single claim within the jurisdiction of the business court would automatically confer jurisdiction over every other claim in that case as part of the "action."[2] That directly contradicts the supplemental jurisdiction provisions of section 25A.004(f) and would again render that section meaningless and useless. If the entire lawsuit and every claim therein automatically fell under the jurisdiction of the business court by virtue of one claim falling within sections 25A.004(b), (c), or (d), there would be no distinction between the business court's primary jurisdiction and supplemental jurisdiction. The only reasonable interpretation is that "action" as

---

[2] In this hypothetical scenario, it would further be impossible to reconcile an automatic conferring of jurisdiction over all claims within a case with TEX. GOV'T CODE § 25A.004(g), which excludes jurisdiction over certain types of claims. A party could defeat business court jurisdiction over an entire case by pleading, for example, a legal malpractice claim (even if spurious) in addition to business court subject matter.

27

used throughout Chapter 25A refers to a claim or claims – which could, but need not, be all claims in the case.

The business court acknowledges that Chapter 25A uses "action" synonymously with "claim." *Osmose Utils. Servs., Inc.*, 2025 Tex. Bus. 3 at ¶23, 2025 WL 370681 at *4 (citing *Miles v. Tex. Cent. Railroad & Infrastructure, Inc.*, 647 S.W.3d 613, 619 (Tex. 2022)). Section 25A.004(g) excludes particular civil "action[s]" constituting "the claim" over which the business court cannot exercise primary jurisdiction but may only have supplemental jurisdiction. *Id.*

The First Division in *Osmose* noted "claim" and "action" were used within the same sentence in § 25A.004(b)(3) ("an action in which a claim under a state or federal securities or trade regulation law is asserted...") and declared the only reasonable interpretation of such usage was that action and lawsuit were synonymous. *Id.* at *3, ¶22. To the contrary, the use of those terms in that provision are entirely consistent with Relators' proffered definition of "action." An "action" consists of one or more claims, and the business court has jurisdiction if one or more such claim(s) falls under a state or federal securities or trade regulation law. The "action" may include other removable claims as well, but nothing in § 25A.004(b)(3) suggests the "action" comprised of removed claims must include all claims in the case.

*Osmose* also notes sections 25A.006(i) and (j) refer to removal of a "case" rather than an "action." *Osmose* at *3, ¶ 21. It is not clear what constitutes a case in that context or whether the Legislature intended there to be some distinction between removal of a case as opposed to removal of certain claims for purposes of §§ 25A.006(i) and (j). That issue is not now before the Court and need not be decided. Use of the term case in a separate portion of the statute does not change the fact that "action" must be interpreted to mean "claim or claims" to avoid rendering the supplemental jurisdiction provisions meaningless.

The Texas Supreme Court's analysis of the term "action" in *Off. Of Att'y Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017) can also be reconciled with Relators' proffered definition of an "action" as a claim or claims. There, the Office of the Attorney General ("OAG") intervened in a pending suit affecting the parent-child relationship and made multiple claims requesting modification of both child support and conservatorship. *Id.* at 179-180. The trial court transferred the entire case to a Title IV-D Associate Judge based on a Texas Family Code provision that a Title IV-D case includes any "action" in which the OAG is providing Title IV-D services relating to the modification of a child-support obligation. *Id.* at 183. Consistent with Realtors' definition of action, the relevant Family Code provision in *C.W.H.* indicates a case is comprised of one or more related "actions" – i.e. "claims." TEX. FAM. CODE § 101.034 ("'**Title IV-D case' means an action in which services**

**are provided** by the Title IV-D agency…relating to the location of an absent parent, determination of parentage, or establishment, modification, or enforcement of a child support, medical support, or dental support obligation…**and any other action relating to the services** that the Title IV-D agency is required or authorized to provide..."(emphasis added)). However, unlike Chapter 25A, the Family Code provides all related actions/claims must remain together as one case in the IV-D venue. *Id.* By contrast, here, Chapter 25A expressly provides for the separation and concurrent proceeding of claims within a case rather than mandating they all be handled together in the same venue. TEX. GOV'T CODE § 25A.004(f).

Chapter 25A affords litigants the right to unilaterally decline to submit certain claims for proceedings in the business court. The Act thus permits partial removal as a matter of procedural right. The business court's holdings precluding partial removal require inefficiency based on an erroneous interpretation of the statute, which expressly authorizes any party to unilaterally prevent the business court from exercising supplemental jurisdiction over non-commercial claims within the same case or "action." In determining 1) parties cannot separate claims within a single cause through partial removal, and 2) the business court cannot exercise jurisdiction over this case because it does not have jurisdiction over some of the claims therein, the business court held it must have jurisdiction over all claims in the case to exercise jurisdiction over any claims. Under that erroneous conclusion, artful pleading of a

30

single claim against a single party falling outside the subject matter jurisdiction of the business court would defeat the business court's jurisdiction over an entire case and circumvent the statutory scheme of Chapter 25A. *See Pitts v. Rivas*, No. 23-0427 at p. 7 (Tex. February 21, 2025) (the anti-fracturing rule prevents attempts to "repackage the allegations under the banner of additional claims"); *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 433 (Tex. 2017) ("Our holding today…prevents litigants from avoiding a forum-selection clause with 'artful pleading.'"); *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) ("We reaffirm that a claimant cannot escape the Legislature's statutory scheme by artful pleading."). Such an interpretation would not only unreasonably limit parties' access to the business court and waste judicial resources, but also it directly contradicts the supplemental jurisdiction provisions of Chapter 25A providing for the separation and concurrent proceeding of such claims. Section 25A.004(f) expressly negates the business court's "all or nothing" holding that removal and remand can only be effectuated as a unit of the entire case, and all claims therein. App.A:10¶25.

### 3. Requiring an order of severance prior to removal would be in conflict with Chapter 25A.

Nothing in section 25A.004(f) requires an order of severance before partially removing claims within the jurisdiction of the business court. To the contrary, the first sentence of section 25A.004(f) contemplates that both removable claims within the jurisdiction of the business court and related claims not independently removable

31

are and will be "part of the same case or controversy." Claims which have been formally severed by court order are no longer part of the same case or controversy and would not fall under § 25A.004(f), which would have no use or application if prior severance were required. *Yadav v. Agrawal* at \*14, ¶76. To avoid rendering that section entirely superfluous, Chapter 25A must be interpreted to allow for partial removal of discrete claims within a single case, without prior severance into a separate cause. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous.").

Requiring the court of original jurisdiction to sever claims falling outside the business court's jurisdiction prior to removal would impermissibly shift the authority to determine what claims do or do not fall within the jurisdiction of the business court to the original court rather than the business court. *Osmose* at \*4, ¶26. ("the governing statute and procedural rules contemplate the business court being the initial arbiter of its own jurisdiction"). And removal deadlines may begin to run and even expire if parties must delay removal until the court of original jurisdiction can hear and decide a motion to sever.

Nor does Chapter 25A require that claims be severable in order to remove those claims properly falling within the jurisdiction of the business court. Texas law has established framework to determine whether severance is appropriate, and

32

claims are not severable when they are "so interwoven with the remaining action that the actions involve the same facts and issues." *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018). The Legislature imposed none of those requirements in outlining when claims may be separated to proceed concurrently in different venues under Chapter 25A. Instead, the qualifying factors for separation under Chapter 25A are whether (1) the claims do not "form[] part of the same case or controversy" and (2) whether any party or the judge does not consent to the exercise of supplemental jurisdiction. TEX. GOV'T CODE § 25A.004(f). If either of the foregoing are answered in the affirmative, the Act requires separation of those claims for concurrent proceedings in the court of original jurisdiction. Therefore, Chapter 25A provides that claims not otherwise subject to severance are subject to separation under section 25A.004(f). To the extent the Remand Order requires the parties to meet a higher burden of severance by the court of original jurisdiction prior to removal to the business court contrary to the provisions in section 25A.004(f), it committed a clear and prejudicial error of law warranting mandamus review.

Indeed, even if the business court erroneously believed that partial removal and separation of claims is not authorized, the Act vests the business court with the power to "grant any relief that may be granted by a district court," clearly vesting it with the power to sever claims. TEX. GOV'T CODE § 25A.004(b). However, unlike the district courts of this state, the Act empowers the business court to sever claims

33

within section 25A.004(f)'s supplemental jurisdiction parameters that (1) do not "form[] part of the same case or controversy" or that (2) any party refuses to submit any claim(s) for proceedings to the business court. TEX. GOV'T CODE 25A.005(f). The Act thus expressly vests the business court with the power to separate (i.e., sever) claims that any other Texas court could not. Thus, to the extent the business court believes that the Act requires an order severing such claims, it must act to sever such claims itself in order to preserve its own jurisdiction of the remaining claims within its primary and supplemental jurisdiction.

### 4. Chapter 25A authorizes *de facto* severance.

The business court incorrectly reasoned that the Act does not permit *de facto* severance through partial removal or remand. App.A:7¶¶17-18. That is precisely what is provided for in § 25A.004(f). A party has a unilateral right to remove, and the clerk of the court in both the original court and the business court have a mandatory duty to transfer the removed action and assign it to an appropriate division of the business court upon removal. TEX. GOV'T CODE § 25A.006(g). When Relators exercised their statutory right to remove claims within the business court's jurisdiction, those claims were assigned a new cause number in the business court separate and apart from the Divorce Court. MR:4 (25-BC11A-0001); MR:293 (24-DCV-318087).

Absent the erroneous Remand Order, these two causes would have proceeded concurrently, in two different venues, to two different final and appealable judgments – the same result as if severance had occurred. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970) ("[a] severance divides the lawsuit into two or more separate and independent causes. When this has been done, a judgment which disposes of all parties and issues in one of the severed cases is final and appealable"). This Legislatively authorized procedure is akin to a severance, and not a bifurcation, because two different courts preside over, and issue final judgments regarding, the two severed actions. *Id*. at 838 ("An order for separate trial leaves the lawsuit intact [and in the same court] but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing."). Severance occurred, and it occurred as provided in the statutory scheme of Chapter 25A.

Section 25A.004(f) provides that claims may be separated; it is silent as to who does the separating. Interpreting that silence to mean only the business court can separate claims would be inconsistent with § 25A.006(d) which confers equal authority on parties and the court to remove or remand an "action." If the business court's authority to remand an "action" includes partial remand, then a party's right to remove an "action" necessarily includes partial removal. While Relators do not dispute that severance can be accomplished by court order, the authority cited by the business court does not establish a "long-settled doctrine" permitting only court-

35

ordered severance. *F.F.P. Operating Partners, L.P. v. Duenez* merely cites the common law factors supporting severance outside the statutory basis provided for in Chapter 25A. 237 S.W.3d 680, 693 (Tex. 2007). Regardless, to the extent such a doctrine does exist, the Act creates an express exception to it. App.A:7¶18.

To the extent a court order was required to confirm the *de facto* severance accomplished by Relators' proper removal pursuant to Chapter 25A, then the business court was required by Chapter 25A to issue such an order and it abused its discretion in failing to do so. The *de facto* severance resulting from partial removal set forth in Chapter 25A is only part of what has been characterized as "the most substantial modification of the judicial system of our state since 1891." *Lone Star NGL Prod. Servs. v. Eagleclaw Midstream Ventures*, No. 24-BC11A-0004, 2024 Tex. Bus. 8, 2024 WL 5202356 at *6 n.37 (Tex. Bus. Ct. Dec. 20, 2024) (quoting Justice Evan A. Young). Review is warranted to provide litigants and the business court guidance regarding the application of such changes.

### B. The removed claims fall within the jurisdiction of the business court.

The Business Court of Texas was created by an Act of the Legislature. *See* Act of May 25, 2023, 88th Leg., R.S., ch.380, § 1, 2023 Tex. Sess. Law Serv. 919, 919 ("the Act"). Section 8 of the Act provides, "[t]he changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." *Id.*

As discussed *supra*, "action" as used in the Act and Chapter 25A must refer to a claim or claims rather than the entire lawsuit. Because "actions" are synonymous with "claims," both the Act and Chapter 25A apply to the removed claims in this case because they are "civil actions [claims] commenced on or after September 1, 2024." *Id*.; MR:364, 382.

The business court had no discretion to remand the removed claims by and against Relators for lack of jurisdiction, when Relators were not joined to the lawsuit and the removed claims were not filed until at least December 3, 2024. MR:364, 382. Relators concede multiple other business court opinions have considered whether the business court has jurisdiction over cases filed prior to September 1, 2024 and concluded that it does not, based on Section 8 of the Act.[3] However, none have considered whether the business court may properly exercise jurisdiction over claims subject to a notice of partial removal, where all claims in the removed action were initiated after September 1, 2024 against parties not (even improperly) joined until after that date. That issue has not yet been decided by this Court.

---

[3] *See Jorrie v. Charles, et al*, No. 24-BC04B-001, 2024 WL 5337409, *1 (Tex. Bus. Ct. Nov. 7, 2024); *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, No. 24-BC08B-0001, 2024 WL 5337411, *1 (Tex. Bus. Ct. Nov. 6, 2024); *XTO Energy, Inc. v. Houston Pipe Line Company, L.P.,* No. 24-BC11B-0008, 2024 WL 5337408, *2 (Tex. Bus. Ct. Nov. 26, 2024); *Synergy Global Outsourcing, LLC v. Hinduja Global Solutions, Inc*., No. 24-BC01B-007, 2024 WL 5337412, *2 (Tex. Bus. Ct. Oct. 31, 2024); *Energy Transfer LP v. Culberson Midstream LLC*, No. 24-BC01B-0005, 2024 WL 5320611, *2 (Tex. Bus. Ct. Oct. 30, 2024); *Winans v. Berry*, No. 24-BC04A-0002, *1-2 (Tex. Bus. Ct. Nov. 7, 2024); *Seter v. Westdale Asset Mgt., Ltd., et al*, No. 24-BC01A-0006, 2024 Tex. Bus. 7 (Tex. Bus. Ct. Dec. 16, 2024).

### 1. The business court need only have jurisdiction over the removed action.

Section 25A.004(f) expressly contemplates that the business court may not have primary jurisdiction over all claims within the case. In those instances, the parties may agree to submit certain claims to the business court pursuant to its supplemental jurisdiction powers, provided such claims form part of the same case or controversy as the other removed claims within the business court's primary jurisdiction. *Id.* Or, if any party does not consent, the claims are separated to proceed concurrently in separate venues, with the claims falling within the business court's primary jurisdiction (and any agreed claims falling within the court's supplemental jurisdiction) proceeding in the business court, and any non-agreed claims proceeding concurrently in the court of original jurisdiction. *Id.* In either event, the business court is not required to have jurisdiction over all claims in the original cause number to exercise jurisdiction over the removed claims.

Here, the business court had jurisdiction over the removed claims under section 25A.004(b), which were indisputably all filed after September 1, 2024. MR:364, 382. The business court need not have jurisdiction over the remaining claims in the case arising under the Family Code, which were initiated prior to September 1, 2024. The business court erred in holding it must and in remanding claims within its jurisdiction.

**2.     The removed claims commenced after September 1, 2024.**

"A lawsuit commences, *i.e.*, begins, when a petition is filed." *Tema Oil*, 2024 WL, *7 (citing TEX. R. CIV. P. 22). Here, no petition was filed against Relators until after September 1, 2024. MR:364, 382.

The lawsuit against Relators cannot have commenced with the filing of the July 11, 2024 Original Petition for Divorce, when the events giving rise to the causes of action alleged against Relators did not occur until after that date. MR:391-392 (complaining of Jeff's termination on July 22, 2024 and subsequent events). "[S]tatutes should be construed to avoid genuinely absurd results." *Rodriguez v. Safeco Ins. Co. of Indiana*, 684 S.W.3d 789, 795 (Tex. 2024). While the "absurdity safety valve" is reserved for truly exceptional cases and must land in the realm of "unthinkable or unfathomable," this is one such case. *Id*. at 796. Deeming an action to have "commenced" against Relators ***before they are even alleged to have engaged in the conduct complained of*** would be truly absurd. The Sebastians could not have sued Relators on July 11, 2024 for events and conduct that had not yet occurred and Chapter 25A cannot be construed to deem an action commenced against Relators as of that date.

In holding this "action" commenced when the original petition for divorce was filed rather than when the removable claims against Relators were first filed, the business court relied in part on *S&P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d

39

390, 395 (Tex. App.—Austin 2011, no pet.) (en banc). *S&P Consulting* held that 2009 amendments to a statute regarding the filing of a certificate of merit for non-negligence claims did not apply where a lawsuit was filed before the effective date of the amendments, even as to a new party and claims added after the effective date. *Id*. at 397. *S&P Consulting* is 1) not binding precedent on this Court; and 2) distinguishable because **the statute at issue in that case did not allow for the separation of claims for the express purpose of exercising subject-matter jurisdiction, as Chapter 25A does here**. TEX. GOV'T CODE § 25A.004(f). Unlike in *S&P Consulting*, Section 25A.004(f) provides that the business court must independently evaluate Chapter 25A's applicability as to each claim and separate claims over which it does and does not have jurisdiction. The effective date of a statute is a component of subject-matter jurisdiction, and the business court may hear claims over which it has jurisdiction, even if it does not have jurisdiction over other claims within the same case or controversy. *Id*.

Even if considered as persuasive authority, courts have subsequently disagreed with *S&P Consulting* when determining whether statutes apply to claims filed after the applicable statute's effective date. *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at *3 (Tex. App.–Corpus Christi-Edinburg, Sept. 17, 2015, no pet.); *Morris v. Ponce*, 584 S.W.3d 922, 927 (Tex. App.–Houston [14th Dist.] 2019, no pet.). *Martinez* distinguished between a supplemental petition adding

40

parties and an amended petition, holding "the filing of an amended petition adding defendants, as in this case, constitutes the filing of a new lawsuit." 2015 WL 5626242, at *3; *see also id*. at *4 ("an action commences when the particular defendant is named"). *Morris* agreed with *Martinez,* holding "an action commences as to each defendant when it is first named as a defendant" and applying the amended version of a statute to defendants named after the amendment's effective date. *Morris*, 584 S.W.3d at 928 ("Because the Nurses were named as defendants after the 2013 amendment to chapter 74, we hold that the amended (current) version of section 74.351(a) applies in this case."). *Morris* further noted it is well established that amended pleadings adding new parties do not relate back to the original pleading. *Id*. (citing *Alexander v. Turtur & Associates*, 146 S.W.3d 113, 121 (Tex. 2004)).

Instructively, for the purpose of determining a defendant's deadline to remove a case to Federal court, an action commences as to that defendant when it is first named as a defendant in a filed petition. *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, No. H-20-1588, 2020 WL 8678020 at *10 (S.D. Tex. July 14, 2020) (applying Texas law). An action commences as to a newly added defendant when that defendant is added. [4] *Id*. at *8 (citing *Nangia v. Taylor*, 338 S.W.3d 768, 770–

---

[4]   Notably, the holdings in *Granite State Ins. Co., Morris, and Martinez* are consistent with defining "action" as "claim or claims" rather than the entire lawsuit.

41

71 (Tex. App.–Beaumont 2011, no pet.); *Morris v. Ponce*, 584 S.W.3d 922, 928 (Tex. App.–Houston [14th Dist.] 2019, no pet.); *Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at *4 (Tex. App.–Corpus Christi-Edinburg, Sept. 17, 2015, no pet.)).

Here, the Sebastians' December 20, 2024, amended petition added new parties and commenced a new action consistent with *Morris, Martinez,* and *Granite State Ins. Co.* MR:382. Even looking to the date certain Classic entities (not Relators) were first named as "co-respondents" in a September 18, 2024 "Counterpetition for Divorce," that date was after the effective date of Chapter 25A. MR:354. Any action involving Relators commenced after September 1, 2024, and falls within the jurisdiction of the Act.

### 3. Alternatively, Relators' notice of partial removal accomplished *de facto* severance of the removed claims into a new action.

Relators executed a *de facto* severance of the removed claims upon filing their notice of partial removal. The notice of partial removal is consistent with the statutory scheme of section 25A.004(f) affording litigants the procedural right to unilaterally refuse submission of claims otherwise within the business court's supplemental jurisdiction for proceedings in the business court. Accordingly, while the business court correctly observed that "a partial removal to [the business court] would amount to a *de facto* severance," the business court erred in interpreting the

Act's provisions as precluding notice of partial removal. App.A:7, ¶18. Had the business court correctly accepted the notice of partial removal in accordance with the statutory scheme, the removed claims would have formed a new civil action, with an initial filing date of December 3, 2024, for purposes of the court's Section 8 analysis.

### 4. Relators timely filed their notice of removal.

Notice of removal without the agreement of the opposing parties must be filed "not later than the 30th day after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's jurisdiction over the action." TEX. GOV'T. CODE § 25A.006(f)(1).

The deadline for removal cannot begin to run until suit is filed. *SafeLease Ins. Servs. LLC v. Storable, Inc*., 2025 Tex. Bus. 6 at ¶9, No. 25-BC03A-0001, 2025 WL 446343 at *2 (Tex. Bus. Ct. February 10, 2025). Mere knowledge of relevant facts, without claims actually being filed, is insufficient to trigger the removal deadline of Chapter 25A. *Id*. at *2, ¶8. The reasoning behind that rule is that the business court cannot have jurisdiction over the proceeding until it comes into existence, and a party cannot have knowledge of the court's jurisdiction until it exists. *Id*. at *3, ¶10. Further, the proceeding cannot be removed until it is filed, and it would be nonsensical for the removal window to begin and/or end before removal is possible. *Id*. Perhaps most decisive in this case, *SafeLease* noted that the removal deadline of

§ 25A.006(f)(1) applies to a "party", and one does not become a "party" to a proceeding until claims are filed as to that party. *Id.*

Here, Relators' removal deadline could not have started running until the removable claims were filed against Relators. That first occurred in the Sebastians' December 3, 2024, improper third-party petition. MR:364 (alleging, for the first time, breach of management agreements and a buy-sell agreement, and requesting declaratory judgment regarding rights under the buy-sell agreement). Relators' notice of removal was timely filed on January 2, 2025, within thirty (30) days of removable claims being filed against them. MR:4.

While certain Classic entities were listed as "co-respondents" in a September 18, 2024 "Counterpetition for Divorce," there was no reference to eight of the Relators in the counterpetition and no claims or causes of action were asserted against any Relator in that pleading that could have triggered Relators' removal deadline. MR:354-361. The counterpetition for divorce alleged breaches of fiduciary duty, tortious interference with business relations, and wrongful interference with an existing contract *against Tiffany Sebastian only*, and sought damages from her alone, as well as a divorce and other requests relating to the Sebastians' marital property and then-minor child. *Id.*

Applying the reasoning in *SafeLease*, no pre-suit demand letter to Relators could have triggered their removal deadline when Relators had not yet been made

44

parties to the case, there were no claims filed against Relators to remove, and the business court's jurisdiction had not yet arisen. Likewise, the Counterpetition for Divorce did not allege any claims at all against Relators (certainly none that could have been removed), did not invoke the jurisdiction of the business court, did not even reference Relators beyond improperly listing different Classic entities as "co-respondents" to a divorce proceeding, and did not seek any relief at all from Relators. Relators challenge whether they were even effectively joined as parties by the counterpetition for divorce. Certainly, that pleading did not trigger a removal deadline under Chapter 25A. Relators timely filed their Notice of Removal within thirty (30) days of the removable claims being filed against them.

### C. The business court had no authority to remand properly removed claims falling within its jurisdiction.

The business court had no discretion or authority to restrict Relators' right of removal and remand on the basis that it did not have jurisdiction over all claims in the underlying divorce case. Removal of an action falling within the jurisdiction of the business court is a matter of right that can be exercised without the agreement of the opposing party and without hearing. TEX. GOV'T. CODE § 25A.006(d), (f)(1), (g) ("on receipt of the notice [of removal], the clerk of the court in which the action was originally filed shall immediately transfer the action to the business court…and the business court clerk shall assign the action to the appropriate division of the business court."). The business court has no authority or discretion to remand for any basis

45

other than lack of jurisdiction. TEX. GOV'T. CODE § 25A.006(d). However, the business court need not have jurisdiction over all claims to exercise jurisdiction over some claims. TEX. GOV'T. CODE § 25A.004(f).

The business court had no discretion or authority to remand Relators' properly removed claims. Mandamus review is warranted to correct the business court's error of law regarding its own jurisdiction.

## II.    No adequate remedy by appeal exists.

In the Federal context, remand orders are interlocutory orders not subject to traditional appeal. *C.D.W. Servs., L.L.C. v. Upper Room Bible Church, Inc.*, No. 24-30203, 2024 WL 4482515 at *1 (5th Cir. May 22, 2024) ("It is well settled that a district court's grant of a motion to remand is interlocutory and un-appealable if, as here, remand is based on lack of subject matter jurisdiction."). The business court's remand order is not a final order because it does not dispose of all parties and claims, which remain unresolved and pending. *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of America, L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024).

Relators' ability to challenge the business court's remand may be entirely foreclosed if mandamus review is not granted. The business court remanded the entire case to the 378th Judicial District Court of Fort Bend County for resolution on the merits. If that court enters final judgment in the case, appeal must be taken to the

First or Fourteenth Courts of Appeals. Those courts have no jurisdiction to review an order of the business court, which rests exclusively with this Court. Tex. Gov't Code § 25A.007(a) ("the Fifteenth Court of Appeals has exclusive jurisdiction over an appeal from an order or judgment of the business court…"). Relators will either be entirely prevented from seeking review of the remand or will be forced to maintain two separate appeals in two different courts, one of which may entirely moot the other at any time before appellate review is complete.

Even if there was a possibility of appeal of the remand order following final judgment in the case, mandamus review is warranted now. While venue determinations are not generally subject to mandamus review, this is an exceptional circumstance. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) ("[V]enue determinations as a rule are not reviewable by mandamus. But on rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional."). The business court is designed to provide litigants with certain benefits including expediency and specialization. Those benefits will be forever lost if Relators are required to litigate the case to final judgment in the court of original jurisdiction before seeking appellate review of the business court's remand – if such appellate review is even possible. The situation is more akin to challenging the denial of a motion to compel arbitration, which was reviewable by mandamus prior to enactment of legislation allowing for interlocutory appeals of

such orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 448 (Tex. 2011). Similar to a forum selection clause, an appellate remedy is inadequate if Relators' right to have this matter heard by the business court is not upheld because allowing the trial to go forward in the Divorce Court will "vitiate and render illusory the subject matter of an appeal"—i.e., trial in the proper forum. *See In re Lisa Laser USA, Inc*., 310 S.W.3d 880, 883 (Tex. 2010) (forum selection clause).

"As a selective procedure, mandamus can correct clear errors in exceptional cases and afford appropriate guidance to the law," particularly on issues of first impression likely to recur. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 138 (Tex. 2004). This is an issue of first impression for this Court. The issue of whether Chapter 25A allows for partial removal, and how partial removal affects the business court's jurisdiction, is likely to recur. The Court should take this opportunity to construe a novel statute and provide much needed guidance for litigants and the newly formed business court.

III.    **To the extent necessary, Relators request the Court to construe this Petition as an appeal.**

As discussed, *supra*, Relators believe the business court's Order is not a final, appealable judgment and mandamus is appropriate. However, to the extent necessary, Relators request the Court to treat this Petition for Writ of Mandamus as an appeal and/or permit Relators a reasonable time to re-file these arguments as an appeal. *See CMH Homes v. Perez*, 340 S.W.3d at 453-54 (construing an

impermissible interlocutory appeal as a petition for writ of mandamus); TEX. R. APP. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.").

### PRAYER FOR RELIEF

Relators respectfully request that the Court (1) grant this Petition; (2) order the business court to vacate its February 4, 2025 Opinion and Order remanding the cause to the 387th Judicial District Court of Fort Bend County, Texas; and (3) grant Relators all other appropriate relief.

Respectfully submitted,

**SHACKELFORD, MCKINLEY & NORTON, LLP**

K. Elizabeth Swan
State Bar No. 24071218
eswan@shackelford.law
Derek D. Rollins
State Bar No. 24029803
drollins@shackelford.law
Lucas Peterson
State Bar No. 24121469
lpeterson@shackelford.law
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
Telephone (214) 780-1400
Facsimile (214) 780-1401

49

Timothy D. Zeiger
State Bar No. 22255950
tzeiger@shackelford.law
2600 Via Fortuna, Suite 150
Austin, Texas 78746
Telephone (512) 469-0900
Facsimile (512) 469-0930

**ATTORNEYS FOR RELATORS**
**T. Bently Durant, Thomas R. Durant,**
**The Durant Classic Dynasty Trust,**
**Michael A. Ward, 8100 Partners, Ltd.,**
**8100 Management LLC, 8705 Partners,**
**Ltd., and 8705 Management LLC**

50

**D ECLARATION OF D EREK D. R OLLINS**

THE STATE OF TEXAS  §
                    §
COUNTY OF DALLAS    §

The undersigned hereby declares the following under penalty of perjury:

"My name is Derek D. Rollins, I am of sound mind, over the age of twenty-one (21) years old, capable of making this declaration, have never been convicted of a felony, and have personal knowledge of the facts stated herein and affirm that the following is true and correct.

"I am counsel for Relators in Cause No. 25-BC11A-0001 in the Business Court of Texas Eleventh Division, and Cause No. 24-DCV-318087 in the 387th Judicial District Court, Fort Bend County, Texas (the "underlying suits"). I have reviewed the pertinent pleadings, orders, exhibits, and other documents in and related to the underlying suits. I participated in the proceedings in the underlying suits which are the subject of the mandamus proceeding before this Court.

"**In compliance with Rules 52.3(k) and 52.7** of the Texas Rules of Appellate Procedure, I have reviewed each and every document contained in the Appendix and separately filed Mandamus Record and Reporter's Record. Each document in the Appendix and Mandamus Record is a true and correct copy of the original or of a copy received by Relators from a Real Parties in Interest, Respondent, or the court reporter.

51

My name is Derek D. Rollins. My date of birth is September 25, 1973 and my address is 9201 N. Central Expressway, 4th Floor, Dallas, Texas 75231. I declare under penalty of perjury that the foregoing is true and correct. This declaration is being executed pursuant to 28 U.S.C. § 1746, TEX. CIV. PRAC. & REM. CODE § 132.001, and any other applicable law authorizing use of an unsworn declaration.

Executed in Dallas, Texas on _____, 2025.

/s/ Derek D. Rollins
Derek D. Rollins, *Declarant*

**52.3(J) CERTIFICATION**

I certify that I have reviewed the factual statements contained in this Petition for Writ of Mandamus and have concluded that every factual statement in the Petition is supported by competent evidence included in the Appendix or Mandamus Record.

*/s/ K. Elizabeth Swan*
K. Elizabeth Swan

**CERTIFICATE OF COMPLIANCE**

In accordance with Texas Rule of Appellate Procedure 9.4(i), I hereby certify that the foregoing Petition for Writ of Mandamus contains 8,482 words. In determining the number of words, I have relied on the "word count" feature of Microsoft Word, which was used to prepare this Petition.

*/s/ K. Elizabeth Swan*
K. Elizabeth Swan

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Petition for Writ of Mandamus has been served on the parties through their counsel of record listed below on this February 21, 2025, in accordance with Texas Rule of Appellate Procedure 9.5.

BOHREER LAW FIRM PLLC
E. Michelle Bohreer
michelle@bohreerlaw.com
Pritesh Soni
pritesh@bohreerlaw.com
777 Post Oak Blvd., Suite 950
Houston, Texas 77056
*Counsel for Real Party in Interest Michael Jeffrey Sebastian, Individually and on behalf of the Sebastian Community Estate, and Derivatively on behalf of the Classic Dealerships*

Hon. Stacy Rogers Sharp
Judge of the Texas Business Court,
Fourth Division, Sitting by
Assignment
BCClerk@txcourts.gov
William P. Clements Building
300 West 15th Street, Suite 606
Austin, Texas 78701
*Respondent*

SCHEEF & STONE, LLP
J. Mitch Little
mitch.little@solidcounsel.com
Steven Ovando
steven.ovando@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034

DICECCO LAW PARTNERS, PLLC
John Coselli, III
john@diceccolawpartners.com
Jill K. Evangelista
jill@diceccolawpartners.com
Joseph W. DeCecco
joe@diceccolawpartners.com
777 Post Oak Blvd., Ste. 900
Houston, Texas 77056

*Counsel for Real Party in Interest Tiffany Lynn Sebastian*

*/s/ K. Elizabeth Swan*
K. Elizabeth Swan

**INDEX TO APPENDIX**

| Tab A | Opinion and Order dated February 4, 2025 ("Remand Order") (MR:413-424) |
|-------|-----------------------------------------------------------------------|

FILED IN
BUSINESS COURT OF TEXAS
BEVERLY CRUMLEY, CLERK
ENTERED
02/04/2025



The Business Court of Texas
Eleventh Division

| | | |
|---|---|---|
| TIFFANY LYNN SEBASTIAN and MICHAEL JEFFREY SEBASTIAN, INDIVIDUALLY and DERIVATIVELY ON BEHALF OF THE CLASSIC DEALERSHIPS and 16835 CADET PARTNERS, LLC, *Plaintiffs,* v. T. BENTLY DURANT, THOMAS R. DURANT, THE DURANT CLASSIC DYNASTY TRUST, MICHAEL A. WARD, 8100 PARTNERS, LTD., 8100 MANAGEMENT LLC, 8705 PARTNERS, LTD., and 8705 MANAGEMENT LLC, *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 25-BC11A-0001 |

## OPINION AND ORDER

¶1      Before the court are (1) Michael Sebastian's Motion to Remand filed January 9, 2025; (2) Tiffany Sebastian's Joinder in the Motion to Remand filed January 15, 2025; (3) the response filed by T. Bently Durant, Thomas R. Durant, the Durant Classic Dynasty Trust, Michael A. Ward, 8100 Partners, Ltd., 8100 Management LLC, 8705 Partners, Ltd., 8705 Management LLC (collectively "Defendants") and

MR0413

by Classic Chevrolet Sugar Land, LLC, Classic Chevrolet West Houston, LLC, Classic Elite Buick GMC, Inc., and 16835 Cadet Partners, LLC (collectively "Classic"); and (4) the Sebastians' joint reply.

¶2 Having considered the parties' arguments and the relevant law, the court grants the Sebastians' motions and remands this cause to the district court.

## Factual and Procedural Background

¶3 This suit originated as a divorce proceeding. On July 11, 2024, Ms. Sebastian filed an Original Petition for Divorce in the 387th Judicial District Court of Fort Bend County, Texas. At the time, both spouses worked for and owned interests in Classic.

¶4 In the weeks that followed, according to the Sebastians, the Defendants improperly purported to terminate the Sebastians' employment, strip them of their membership interests, and block their access to the entities' books and records.

¶5 On September 18, 2024, Mr. Sebastian filed a Counterpetition for Divorce, adding Classic as Co-Respondents. On December 3, 2024, the Sebastians jointly filed a Third-Party Petition that brought derivative claims on Classic's behalf and added the Durant and 8100 Defendants. The Sebastians amended those claims on December 20, 2024, adding third-party claims against the remaining Defendants. Meanwhile, the parties pursued settlement—seeking to negotiate a buyout of the

2

MR0414

Sebastians' membership interests under the parties' buy–sell agreement—but their discussions stalled.

¶6     On January 2, 2025, Defendants and Classic (jointly "the Removing Parties") filed their Notice of Removal to the Texas Business Court, pleading that they "remove[d] the individual and derivative claims asserted by" the Sebastians but did "not agree to submit the determination of" the divorce cross-petitions. The Sebastians, in turn, sought remand to the district court. At a hearing on January 30, 2025, all parties appeared through counsel and presented their arguments.

## Legal Standard

¶7     "A party to an action filed in district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court." TEX. GOV'T CODE § 25A.006(d). If the Business Court lacks jurisdiction of a removed action, the court shall remand the action to the original court in which the action was filed. *Id.*; TEX. R. CIV. P. 355(f)(1).

¶8     Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## Analysis

### I. Ms. Sebastian's Motion for Joinder

¶9     No party presented argument opposing Ms. Sebastian's motion for joinder of Mr. Sebastian's motion to remand. The court grants the motion for joinder,

3

MR0415

collectively considers the Sebastians' arguments in favor of remand, and finds that both motions were timely filed within 30 days of removal. *See* TEX. R. CIV. P. 355(f)(2).

## II. The Sebastians' Motion to Remand

### A. The Texas Business Court lacks jurisdiction of actions commenced before September 1, 2024.

¶10     The Business Court of Texas is a specialty statutory court, created by the Texas Legislature to adjudicate complex commercial disputes. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 1, 2023 Tex. Sess. Law Serv. 919, 919 ("the Act"). The Act added a new chapter to the Texas Government Code: Chapter 25A. *Id.* § 1. Chapter 25A is entitled "Business Court," and it outlines the new court's composition by regional divisions; includes provisions for the appointment of the court's judges; and describes the procedures by which suits may be filed in, transferred to, or removed to the court. TEX. GOV'T CODE §§ 25A.003, 25A.006, 25A.008–.009, 25A.017.

¶11     The Code's new Chapter 25A also grants the Business Court its jurisdiction and powers. *Id.* § 25A.004. While the statute's effective date is September 1, 2023, the Business Court "is created September 1, 2024" and the Act's Section 8 specifies that the "changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." Act at §§ 5, 8, 9. This court has consistently construed Section 8 as conferring jurisdiction of only those suits commencing on or after

4

MR0416

September 1, 2024. *E.g., Jorrie v. Charles*, 2024 Tex. Bus. 4, 2024 WL 5337409 (Nov. 7, 2024); *Winans v. Berry*, 2024 Tex. Bus. 5, 2024 WL 5337410 (Nov. 7, 2024); *Bestway Oilfield, Inc. v. Cox*, 2025 Tex. Bus. 2, 2025 WL 251338 (Jan. 17, 2025); *Energy Transfer LP v. Culberson Midstream LLC*, 2024 Tex. Bus. 1, 2024 WL 5320611 (Oct. 30, 2024).

## B. The court lacks jurisdiction of this action because it commenced in July 2024.

¶12    The Sebastians move to remand on the basis that this action commenced when the original divorce petition was filed—before September 1, 2024. The Removing Parties counter that the derivative and third-party claims on Classic's behalf or against the Defendants commenced new "actions" against them that allow the court to exercise jurisdiction here. They protest that they were improperly joined to the divorce suit and have not yet been served with any claims.

¶13    The Act does not define the terms "civil action" or "commence." "When a statute contains an undefined term, we typically give the term its ordinary meaning." *Hegar v. Am. Multi-Cinema, Inc.*, 605 S.W.3d 35, 41 (Tex. 2020).

### 1. Under the Act's Section 8, the *civil action* is the entire lawsuit.

¶14    The Removing Parties concede that the divorce suit filed by Ms. Sebastian in July 2024 is an "action." They also recognize that "'action' is generally synonymous with 'suit,'" and that "for there to be a 'suit' or 'action,' it is 'essential that it rest in a court, with the power to hear it." Resp. at 11 (quoting *Jaster v. Comet*

5

MR0417

*II Constr., Inc.*, 438 S.W.3d 556, 568 (Tex. 2014) (plurality op.)). In July 2024, the divorce action undisputedly rested in a state district court having power to hear it.

¶15     After September 2024, the Sebastians filed various additional pleadings: Mr. Sebastian's Counterpetition identifying Classic as "Co-Respondents" without pleading any express claims against them, the Sebastians' later addition of derivative claims on Classic's behalf, and the Sebastians' two successive pleadings asserting claims against the Defendants. None of those events spawned a new "civil action." The Sebastians' claims were all filed in, and part of, the same action—the one filed by Ms. Sebastian in July 2024 and assigned the cause number 24-DCV-318087 in the 387th Judicial District Court of Fort Bend County.

¶16     The Texas Supreme Court, construing "action" as an undefined term, has considered its "common meaning" as referring to the "entire lawsuit or cause or proceeding, not to discrete 'claims' or 'causes of action' asserted within a suit[.]" *Off. of Att'y Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017). The Act similarly treats a *claim* not as a standalone lawsuit but as a component of an *action*. TEX. GOV'T CODE § 25A.004(b)(3) (granting jurisdiction of "an **action in which a claim** under a state or federal securities or trade regulation law is asserted . . .") (emphasis added). Other divisions of this court have recognized that "a civil action is a lawsuit." *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, 2024 Tex. Bus. 3 at ¶15, 2024 WL 5337411, at *3 (Nov. 6, 2024), *quoted in C Ten 31 LLC v. Tarbox*, 2025

6

MR0418

Tex. Bus. 1 at 16, 2025 WL 224542, at *7 (Jan. 3, 2025) ("'action' relates to the lawsuit generally while 'claim' relates to individual rights and remedies asserted within the suit.").

¶17    The Removing Parties argue their joinder to the divorce suit was procedurally and substantively improper. Because the company-related claims are unrelated to the divorce, they contend, the removed case should be deemed a separate "civil action" and should have been severed under Texas Rule of Civil Procedure 41 from the beginning. Indeed, they correctly recognize that a partial removal to this court would amount to a *de facto* severance.

¶18    But the Act does not override the long-settled doctrine permitting only court-ordered severance. *See id.*; *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (quoting *Guar. Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990)). Instead, the Act permits a party to "remove the action"—not independent claims—to the Business Court. Tex. Gov't Code § 25A.006(d). The court holds that the Removing Parties' opposed notice of partial removal could not unilaterally divide this case into a new "civil action" for purposes of Section 8.

¶19    Under the Act's Section 8, *civil action* refers to the entire lawsuit, including the divorce cross-petitions and the later-filed claims involving the Removing Parties.

7

MR0419

## 2. This civil action commenced before September 1, 2024.

¶20     This action commenced with the original divorce petition in July 2024. TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."). Because the court holds that no subsequent pleading created a new lawsuit, the entirety of this action—including the claims on Classic's behalf and against Defendants—"commenced" before September 2024.

¶21     The First Division of this court recently reached the same conclusion. *See Osmose Utils. Servs., Inc. v. Navarro Cnty. Elec. Coop.*, 2025 Tex. Bus. 3, 24-BC01A-0011 (Jan. 31, 2025). As in this case, Osmose attempted a partial removal, asking the Business Court to hear only the contractual claims involving Osmose and not the underlying personal-injury claims that pre-dated September 2024. *Id.* at ¶¶ 2-5. The court remanded, concluding that "the sole reasonable interpretation of Chapter 25A" was that "an action means a lawsuit, and does not refer to each individual claim within a lawsuit." *Id.* at ¶ 27. Accordingly, under the Act's Section 8, "the relevant date is the date on which suit was filed in the district court—not the date on which the parties filed the discrete claims sought to be removed to this Court." *Id.* at ¶ 30.

¶22     Sitting *en banc*, the Third Court of Appeals was similarly faced with a statute applying only to actions "commenced on or after" the legislation's effective date. *S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 395 (Tex. App.—Austin

8

MR0420

2011, no pet.) (en banc). The appellate court concluded "for purposes of the effective date" that "the filing of the original petition commences the action with respect to all parties regardless of when they are brought into the action." *Id.* at 396. Here, too, this action commenced in July 2024, regardless of when the Removing Parties were joined.

¶23    The Removing Parties claim they were not yet properly served, but the Act's effective date hinges on the date an action "commences," not on the date a plaintiff effects service or "brings suit." *See Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 300 (Tex. 2024) (describing "distinction between 'bringing' and 'filing'" suit to satisfy statute of limitations). The Removing Parties certainly do not contend the case could have fallen within the Act's purview if only the Sebastians had effected service sooner.

¶24    The nonbinding precedent analyzing when an action commenced "**as to**" a certain defendant cannot alter the outcome, either:

- For purposes of triggering expert deadlines, holding "an action commences **as to** each defendant when it is first named as a defendant." *Morris v. Ponce*, 584 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

- For purposes of triggering defendant's removal deadlines, holding "under Texas law, the action commenced **as to** [the defendant] when it was first named[.]" *Granite State Ins. Co. v. Chaucer Syndicate 1084 at Lloyd's*, CV-H-20-1588, 2020 WL 8678020, at *10 (S.D. Tex. July 14, 2020).

The Removing Parties rely on these and other cases construing when an action "commenced" as to a given party for purposes of triggering **that party's** rights or

9

MR0421

obligations. *E.g., Martinez v. Gonzales*, No. 13-14-00241-CV, 2015 WL 5626242, at *4 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2015, pet. denied) (mem. op.) (construing *commencement* for purposes of "triggering the applicable [expert] deadline"); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011) (noting plaintiff's amendment does not relate back to original pleading to toll her limitations deadline).[1]

¶25     But the question before this court is not merely one of when a certain party's rights or duties were triggered. The question is whether this court has jurisdiction of the suit at all. And the court has consistently held in multiple contexts and across multiple divisions that it lacks jurisdiction over **actions** preceding the Act's specified date. *E.g., Seter v. Westdale Asset Mgmt., Ltd.*, 2024 Tex. Bus. 7 at ¶ 2, 2024 WL 5337346, at *1 (Dec. 16, 2024) ("In six prior instances, this Court has remanded actions commenced before September 1, 2024, for lack of authority or want of jurisdiction."), *mandamus pet. denied in In re Westdale Asset Mgmt., Ltd.*,

---

[1] *See also Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970) (requiring diligent service for "commencement" of suit to trigger plaintiff's tolling of limitations); *Travelers Ins. Co. v. Brown*, 402 S.W.2d 500, 503 (Tex. 1966) (construing whether plaintiff "commence[d] any proceeding . . . seeking damages from the" defendant under its contractual defense); *Marez v. Moeck*, 608 S.W.2d 740, 742 (Tex. App.—Corpus Christi 1980, no writ) (requiring amended petition against proper party to trigger plaintiff's tolling of limitations). The *en banc* Austin Court of Appeals made an analogous distinction in *S & P*, noting that the "[c]ontext is critical, as are the consequences of a particular construction." 334 S.W.3d at 398 n.10 ("instead of determining whether a claim is unnecessarily barred by an unintended use of a statute, we are considering which version of a statute the legislature wanted to be applicable on the facts before us.").

MR0422

No. 15-24-00135-CV, 2025 WL 300912 (Tex. App.—15th Jan. 24, 2025, orig. proceeding). The court construes the Act's Section 8 as an all-or-nothing jurisdictional grant as to suits commencing on or after September 1, 2024. *See id.*; *Jorrie*, 2024 Tex. Bus. 4 at 8. The clause's common meaning reflects no intent for each addition of a new party to revive the Business Court's jurisdiction on suits that were otherwise too old to satisfy Section 8.

¶26     To be clear, the court does not reach its decision based on whether the Sebastians' "cause of action" accrued against any defendant before September 1. Whether the parties exchanged demand letters or had a "right to relief" before that date is not dispositive here. *See* Resp. at 11. Instead, the *civil action* itself commenced in July upon the filing of the original petition.

¶27     The Removing Parties insist the Business Court is a more appropriate forum for the corporate-governance and derivative matters against them. And the Sebastians concede those matters substantively fall within the Act's subject-matter jurisdiction, but they counter that the "issues are too entwined" to bifurcate this suit. *See* Reply at 3, 4. Having concluded it lacks jurisdiction for the reasons above, the court expresses no opinion on whether the buy–sell litigation and remaining commercial disputes should be severed from the family-law claims or whether joinder was timely, necessary, or proper.

MR0423

## Conclusion and Order

¶28     For the reasons stated above, the court lacks jurisdiction of this suit and must remand it. The court **GRANTS** Tiffany Sebastian's Motion to Remand and Michael Sebastian's Motion for Joinder. The cause is **REMANDED** to the 387th Judicial District Court of Fort Bend County, Texas.

SO ORDERED.

STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: February 4, 2025

12

MR0424

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosa Balderas on behalf of Kathleen Swan
Bar No. 24071218
rbalderas@shackelford.law
Envelope ID: 97665733
Filing Code Description: Original Proceeding Petition
Filing Description: Petition for Writ of Mandamus
Status as of 2/21/2025 3:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Hon. Stacy RogersSharp | | BCClerk@txcourts.gov | 2/21/2025 3:07:29 PM | SENT |
| Joseph W.DiCecco | | joe@diceccolawpartners.com | 2/21/2025 3:07:29 PM | SENT |
| Jill K.Evangelista | | jill@diceccolawpartners.com | 2/21/2025 3:07:29 PM | SENT |
| John Coselli, II | | john@diceccolawpartners.com | 2/21/2025 3:07:29 PM | SENT |
| Steven Ovando | | steven.ovando@solidcounsel.com | 2/21/2025 3:07:29 PM | SENT |
| J. Mitch Little | | mitch.little@solidcounsel.com | 2/21/2025 3:07:29 PM | SENT |
| Pritesh Soni | | pritesh@bohreerlaw.com | 2/21/2025 3:07:29 PM | SENT |
| E. Michelle Bohreer | | michelle@bohreerlaw.com | 2/21/2025 3:07:29 PM | SENT |
| Rosa Balderas | | rbalderas@shackelford.law | 2/21/2025 3:07:29 PM | SENT |
| Lucas Peterson | | lpeterson@shackelford.law | 2/21/2025 3:07:29 PM | SENT |
| Timothy D.Zeiger | | tzeiger@shackelford.law | 2/21/2025 3:07:29 PM | SENT |
| Derek D. Rollins | | drollins@shackelford.law | 2/21/2025 3:07:29 PM | SENT |
| K. Elizabeth Swan | | eswan@shackelford.law | 2/21/2025 3:07:29 PM | SENT |